# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JONATHON D. MONROE,

        Petitioner,   :   Case No. 2:07-cv-258

        -vs-   :   District Judge Michael H. Watson
                                           Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

        Respondent.   :

## DECISION AND ORDER GRANTING MOTION TO WITHDRAW AND DENYING MOTION TO STAY WITHOUT PREJUDICE

This capital habeas corpus case is before the Court on Petitioner's *pro se* Motion to Stay and to Substitute Counsel (Doc. No. 42) and David Stebbins' Ex Parte Motion to Withdraw as Attorney (Doc. No. 43).

The Motion to Withdraw is GRANTED and attorneys Steven Nolder, David Stebbins, David Graeff. and Eric Allen are, at Petitioner's request, relieved of all further responsibility to represent Petitioner in this case, effective as of the time the Court files an entry appointing new counsel, which is expected to occur within the next ten days.

Petitioner's Motion to Stay is premised on his having filed a Pro Se Successive Post-Conviction Petition and a Realistic *Murnahan* Brief which he advises were mailed to the respective state courts (presumably the Franklin County Common Pleas Court and the Franklin County Court of Appeals) on June 15, 2010. Petitioner has not filed with this Court copies of those state court filings.

-1-

The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269 (2005). As of this point in time, Petitioner has not shown either that there was good cause for his failure to present these claims to the state court earlier or that the claims have potential merit. Accordingly, the Motion to Stay is denied without prejudice to its renewal when accompanied by a showing of good cause for delay and merit in the newly-made claims. The Court would suggest that Petitioner discuss any possible renewal of this motion for stay with new counsel.

On December 1, 2009, and again on June 20, 2010, Petitioner communicated with the Court by writing to Judge Watson. S. D. Ohio Civ. R. 7.2(c) provides

> (c) **Correspondence with the Court.** Letters to the Court are generally inappropriate and disfavored, unless (1) requested by the

>Court in a specific matter, or (2) advising the Court of the settlement of a pending matter. All other written communications shall be by way of formal motion or memorandum submitted in compliance with these Rules. All letters sent to the Court shall be contemporaneously served upon opposing counsel, unless otherwise ordered by the Court.

This Rule applies to *pro se* litigants as well as to those represented by counsel. Generally, persons represented by counsel are not permitted to file motions *pro se*, although it is appropriate to do so when describing difficulties with counsel. In the future, any *pro se* requests in this case should be made by way of a motion filed with the Clerk of Courts at Room 712, 200 West Second Street, Dayton, Ohio.

July 6, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

J:\Death Penalty\Monroe v. Warden\Monroe v. Warden Denial of Stay.wpd