# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JONATHON D. MONROE,

:

    Petitioner,                                  Case No. 2:07-cv-258

:         District Judge Michael H. Watson

-vs-                                   Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Motion for Reconsideration of the Court's Order on Motion to Dismiss Procedurally Defaulted Claims (Doc. No. 37) which respondent opposes (Doc. No. 38).

In the Opinion and Order on which reconsideration is sought, the Court granted Respondent's Motion to Dismiss as procedurally defaulted Grounds for Relief One, Four, Six, Seven, and Eight (sub-part A)(Doc. No. 34, summary at PageID 418).

Respondent does not question the Court's authority to reconsider its ruling. Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "At the trial level, the doctrine of the law of the case is little more than a management practice to permit logical progression toward judgment. Prejudgment orders remain interlocutory and can be reconsidered at any time." *Moore*

at ¶0.404.

While the Court has authority to reconsider interlocutory orders, "[a]s a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).

## Ground for Relief One

In his First Ground for Relief, Petitioner pleads:

> Jonathon Monroe was deprived of due process and a fair trial by the ongoing misconduct of the prosecuting attorney in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments.

This Ground for Relief has two particularized sub-claims.

In the first sub-claim, Petitioner asserts that the prosecutor's closing argument, taken in its entirety, appealed to the passions and prejudices of the jury (paraphrased at Motion, Doc. No. 37, PageID 448; Petition, Doc. No. 10, ¶¶96-99).

In the Opinion and Order, the Court found this sub-claim was procedurally defaulted because, as a claim based on the record, it could and should have been presented on direct appeal, but was not (Opinion and Order, Doc. No. 34, PageID 389-396). The Court further found that this default was not excused by unconstitutional ineffectiveness of appellate counsel. *Id..*

In the Motion to Reconsider, Petitioner argues this Court found "that the initial default of this claim occurred at the trial. . ." (Motion, Doc. No. 34, PageID 446, citing Opinion and Order, Doc. No. 34, PageID 393). That finding is not in the Opinion and Order, at least not at the place cited.

This Court did find that it was required to review on the merits Petitioner's ineffective assistance of appellate counsel claim insofar as it was offered as cause to excuse the default in presenting this prosecutorial misconduct claim because the Ohio Supreme Court had offered no reason explanation in rejecting the claim. (Opinion and Order, PageID 394.) The Court then wrote:

> Nowhere in his postconviction action, his application to reopen, or his habeas corpus action did petitioner point to a single comment constituting an improper appeal by the prosecuting attorney to the jurors' passions or prejudices.

Id..

Responding to this conclusion, Petitioner writes in the Motion for Reconsideration that his focus was and is on the closing argument as a whole, not on any "single comment." (Doc. No. 37, PageID 446-448.) He purports to quote his Application for Reopening, saying "the prosecutor called upon the passions and prejudices of the jury to convict Michael Turner." (Motion, PageID 447) Michael Turner is indeed a death row inmate in Ohio, but he is not the Petitioner in this case, suggesting this portion of the Motion for Reconsideration may have been "cut and pasted" from a document in another case[1].

The Magistrate Judge has reviewed the entirety of the prosecutor's closing argument. Ms. Pritchard's opening comprises seventeen pages of transcript and Mr. Lowe's rebuttal comprises thirteen pages. It is a complete mischaracterization to claim that they are focused on inflaming passions or appealing to prejudice. They are entirely devoted to reviewing the evidence presented and discussing the difficult points: the DNA, the Boyd testimony, and so forth. It is simply not an

---

[1] David Stebbins, the attorney who wrote both the Application for Reopening and the Motion for Reconsideration, is one of Michael Turner's counsel in his capital habeas corpus case in this Court, 2:07-cv-595.

inflammatory closing in either portion. As the Opinion and Order also notes, "controlling case law did not favor this claim or militate in favor of appellate counsel raising it." (PageID 394-395). Thus both the particular claim in this case and the type of claim it represents are not strong arguments for Petitioner. Therefore the Opinion and Order was correct in rejecting a claim of ineffective assistance of appellate counsel as cause with respect to allowing merit review of this underlying claim of prosecutorial misconduct.

Petitioner's second sub-claim of prosecutorial misconduct is that the State committed misconduct in presenting the testimony of David Devillers, a former assistant prosecutor who had negotiated the plea bargain which resulted in Shannon Boyd's testimony (Petition, Doc. No. 10, ¶¶ 77-95, PageID 68-72).

Respondent argued this sub-claim was barred because it was not presented to the Ohio Supreme Court on direct appeal. What was instead presented was a claim of ineffective assistance of trial counsel for failure to object appropriately to the Devillers testimony. The Opinion and Order discusses at length the distinction between presenting a claim on the merits and presenting it as an underlying claim for a claim of ineffective assistance of counsel (Doc. No. 34, PageID 396-400). It then sets out at length the claim made about the Devillers testimony in the Ohio Supreme Court (Id.. 400-402), the text of the Ohio Supreme Court decision (PageID 402-404), and the text of Petitioner's argument here (PageID 404-407). Having compared the claims and the Ohio Supreme Court's decision, the Opinion and Order cites plainly applicable Sixth Circuit case law precluding the result for which Petitioner contends, to wit, that a habeas petitioner can preserve an underlying claim on the merits by arguing it as a predicate for ineffective assistance of counsel. Id.. PageID 407, citing *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005); *Hicks v. Straub*, 377 F.3d 538, 556

(6th Cir. 2004); and *Lott v. Coyle,* 261 F.3d 594, 607 (6th Cir. 2001).

In his Motion for Reconsideration, Petitioner presents no countervailing authority. Instead he argues that the State argued at length to the Ohio Supreme Court that the Devillers testimony was proper and the Ohio Supreme Court responded at length to that argument. But it is almost always the case that, when deciding whether it was ineffective assistance of counsel to fail to make an argument, a court will focus on whether the argument would have had any merit. Considering the merits in this way does not waive any procedural default which may have been made in presenting the claim on the merits in the first place. The Motion for Reconsideration is not well taken as to this second sub-claim of prosecutorial misconduct.

## Ground for Relief Four

In his Fourth Ground for Relief, Petitioner pleads:

> The introduction of gruesome photographs at both the trial and penalty phases deprived Monroe of due process, a fundamentally fair trial, and a fair and reliable sentencing procedure, under the Fifth, Sixth, Eighth, and Fourteenth Amendments.

(Quoted at Doc. No. 34, PageID 347). Respondent sought dismissal of this entire Ground for Relief and the Court ruled ""'respondent's motion to dismiss as procedurally defaulted petitioner's fourth ground for relief is GRANTED." *Id.* at PageID 368.

In his Motion for Reconsideration, Petitioner argues his Fourth Ground for Relief raises "two distinct claims: that the admission of repetitive gruesome photographs at the trial phase denied him due process and a fair trial; and that re-admission of these same photographs at the

penalty phase denied him a fair and reliable sentencing process, both in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments." (Motion, Doc. No. 37, PageID 432, citing Petition, Doc. No. 10, ¶¶ 120-139). However, Petitioner also argues that "[t]he primary focus of the claim is the re-admission of these photographs at the penalty phase . . ." *Id..* The Motion only asks the Court to reconsider its ruling as to the re-admission of photographs at the penalty phase.

The Motion in this respect is well taken. The Court's analysis in the Decision and Order is principally directed to the guilt phase ruling. As to the penalty phase re-admission, the Court concluded that the Ohio Supreme Court had rejected that challenge on the merits and had not enforced a contemporaneous objection procedural default (Opinion and Order, Doc. No. 34, PageID 361-362).

It is therefore respectfully recommended that the Court amend its Opinion and Order so as to grant Respondent's Motion only as to the Petitioner's Claim in Ground Four related to admission of photographs as the guilt phase.

### Ground Six

In Ground Six for Relief, Petitioner pleads:

> The failure of the trial court to merge the eight counts of aggravated murder and the failure of the trial court to merge the duplicative aggravating circumstances when there were only two deaths denied Monroe due process, a fair trial, and a fair and reliable sentencing determination by overwhelming the weighing process at the penalty phase, under the Fifth, Sixth, Eighth, and Fourteenth Amendments.

(Quoted in Opinion and Order, Doc. No. 34, PageID 347.) Respondent argued that Petitioner's trial counsel had failed to request a merger of the aggravating circumstances and claimed that this

Ground for Relief was barred on the basis of that procedural default. Applying the required analysis under *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Opinion and Order determined that Ohio's contemporaneous objection rule applies to this sort of claim (Doc. No. 34, PageID 370). Petitioner asserted that he had satisfied the contemporaneous objection rule, but the Opinion and Order analyzed the basis of that claim and concluded "the record supports no such assertion." (PageID 371). Alternatively, Petitioner argued the lack of a contemporaneous objection constituted ineffective assistance of trial counsel. The Opinion and Order notes that both the Ohio Supreme Court on direct appeal and the trial court on post-conviction offered thorough analyses of the lack of merit in this claim and found the result was not objectively unreasonable (PageID 376).

The Motion for Reconsideration focuses on the evidence which Petitioner believes supports his claim that his trial attorneys did make a contemporaneous objection. For the reasons already given in the Opinion and Order, this argument is not persuasive. Therefore the Motion for Reconsideration is not well taken as to the Sixth Ground for Relief.

**Ground Seven**

In Ground for Relief Seven, Petitioner pleads:

> The jury instructions and verdict forms required the jury to unanimously reject a death sentence before considering any of the life sentence options, depriving Monroe of a fair trial, due process, and a fair and reliable sentencing determination in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments.

(Quoted in Opinion and Order, Doc. No. 34, PageID 347.)

Respondent claimed this Ground for Relief was procedurally defaulted because it had not been submitted to the Ohio Supreme Court on direct appeal. The Opinion and Order carefully

compares Petitioner's ninth proposition of law in the Ohio Supreme Court with his seventh ground here and concluded they were not the same claim. Id.. PageID 411. Petitioner does not seek reconsideration of this ruling.

## Ground Eight

In sub-claim A of Ground Eight, Petitioner pleads:

> Trial counsel's performance throughout the trial preparation, the voir dire, the pre-trial process and throughout the trial fell far below the prevailing professional norms, thus depriving Monroe of the effective assistance of counsel.
>
> A. Monroe was denied due process, a fair trial, and the effective assistance of counsel during the jury selection process, including voir dire.
>
> ¶182 (A) The trial court ignored the clear statutory mandate of Ohio Revised Code 2945.25(C) concerning the standards for excusing jurors who expressed some scruples about the death penalty in favor of the less stringent standards enunciated by the Supreme Court of the United States in *Wainwright v. Witt,* 469 U.S. 412 (1985). The lesser standard of *Witt* permitted jurors to be excluded who otherwise would not have been excused under Ohio Rev. Code § 2945.25(C). Monroe was prejudiced and thereby denied the effective assistance of counsel by counsel's failure to object.
>
> ¶182 (B) The court denied Monroe's request for comprehensive, individual sequestered voir dire and forced counsel to conduct sequestered voir dire on issues concerning the death penalty in groups of six rather than individually. Monroe was prejudiced and thereby denied the effective assistance of counsel by counsel's failure to object.
>
> ¶182 (C) Counsel failed to examine jurors on general theories of defense and mitigation or question prospective jurors on their ability to consider either defenses or mitigation. In many instances, trial counsel asked the panels of six jurors no questions at all. Counsel

> merely made a speech about the case without inquiring in any way into the jurors' feelings or their ability to fairly participate in the trial of this case.
>
> ¶182 (D) Counsel failed to rehabilitate potential jurors with scruples against the death penalty; counsel failed to object to the state's questions about whether they would be criticized by friends or family for failing to return a death penalty verdict.
>
> ¶182 (E) The combined effect of counsel's failure to prepare and failure to elicit information from potential jurors so as to permit counsel to make informed and reasoned decisions concerning challenges for cause as well as peremptory challenges fell below the prevailing professional norms for counsel in capital cases in 2002, and deprived Jonathon Monroe of a fair trial, due process, and the effective assistance of counsel.

(Quoted at Opinion and Order, Doc. No. 34, PageID 347-349.)

Respondent contends this entire claim is barred by Petitioner's procedural default in failing to present it on direct appeal. Petitioner's rejoins that it was ineffective assistance of appellate counsel to fail to do so. The Opinion and Order analyzes this rejoinder under the applicable case law, particularly *Mapes v. Coyle*, 171 F.3d 408 (6th Cir. 1999), and concludes ineffective assistance of appellate counsel has not been proved. (Doc. No. 34, PageID 385-388.)

The Motion for Reconsideration does not persuade the Magistrate Judge that the analysis of this issue in the Opinion and Order is in error. The Motion for Reconsideration should therefore be denied as to sub-claim A of Ground Eight.

**Conclusion**

Upon reconsideration, the Court should reverse its prior holding that the portion of Ground for Relief Four related to admission of photographs as the guilt phase.  Otherwise the Opinion and Order should stand as filed.

August 5, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).