# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JONATHON D. MONROE,

      Petitioner, : Case No. 2:07-cv-258

 : District Judge Michael H. Watson
  -vs-  Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

 :

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

  This capital habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 51) to the Magistrate Judge's Report and Recommendations (Doc. No. 46) on Petitioner's Motion for Reconsideration of the Court's Order on Motion to Dismiss Procedurally Defaulted Claims (Doc. No. 37). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider and supplement decisions or reports and recommendations when objections are filed.

  The Petition in this case contains fifteen grounds for relief (Doc. No. 10). Judge Kemp's First Scheduling Order provided that Respondent's motion to dismiss procedurally defaulted claims would be filed by July 9, 2007, and all other dates in the case would be scheduled after decision on that motion (Doc. No. 12). Respondent moved to dismiss Grounds 1, 4, 6, 7, and 8 (Doc. No. 19). After briefing, the Court decided the Motion (Doc. No. 34). Petitioner then moved for reconsideration (Doc. No. 37). After referral, the Magistrate Judge recommended granting

-1-

reconsideration on a portion of Ground 4 and otherwise denying the Motion (R&R, Doc. No. 46). Represented by new counsel, Petitioner objects.

Petitioner has not objected to the Report's conclusion that the Court should not change its decision as to Ground 7. Conversely, Respondent has not objected to the Report's conclusion that the Court should change its decision on Ground 4 as to readmission of gruesome photographs at the penalty phase. Thus those two conclusions may be adopted without further analysis.

As to the remaining conclusions, Petitioner asserts that they are "clearly erroneous and/or contrary to law and should therefore be rejected... ," *citing United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2003)[1](Objections, Doc. No. 51, PageID 504).

### Ground One for Relief

Ground One for Relief reads:

> Jonathon Monroe was deprived of due process and a fair trial by the ongoing misconduct of the prosecuting attorney in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments.

This Ground for Relief has two particularized sub-claims. In the first, Petitioner asserts that the prosecutor's closing argument, taken in its entirety, appealed to the passions and prejudices of the jury (paraphrased at Motion, Doc. No. 37, PageID 448); (Petition, Doc. No. 10, ¶¶ 96-99). Petitioner's second sub-claim is that the State committed misconduct in presenting the testimony

---

[1] In *Curtis*, the Sixth Circuit reversed a district judge for conducting *de novo* review of a magistrate judge's conclusions when review should have been under the more liberal clearly erroneous standard of 28 U.S.C. § 636(b).

of David Devillers, a former assistant prosecutor who had negotiated the plea bargain which resulted in Shannon Boyd's testimony (Petition, Doc. No. 10, ¶¶ 77-95, PageID 68-72).

**Sub-claim One: The Closing Argument**

In the Opinion and Order on which reconsideration is sought, the Court found this sub-claim was procedurally defaulted because, as a claim based on the record, it could and should have been presented on direct appeal, but was not (Opinion and Order, Doc. No. 34, PageID 389-396). The Court further found that this default was not excused by unconstitutional ineffectiveness of appellate counsel. *Id.,* PageID 394. Furthermore, although the sub-claim was raised on petition for post-conviction relief, it was again defaulted when not included in the appeal from denial of that petition, and Petitioner made no attempt in opposing the Motion to Dismiss to show excusing cause for this omission. *Id.*, PageID 393.

In the Objections, instead of focusing on the closing argument as a whole (which is what he said he was doing in the Motion for Reconsideration), Petitioner now cites particular places in the record where the prosecutor used the words "torture" and "terrorizing." (Objections, Doc. No. 53, PageID 507.) In other words, Petitioner now argues the Report is "clearly erroneous and/or contrary to law" because it deals with the argument actually made in the Motion to Reconsideration, rather than the argument now made in the Objections.

Be that as it may, it remains true – even clearer given the specific record citations in the Objections – that this is a claim which could have been raised on direct appeal and was not. Furthermore, it is not so clearly a winning argument that failure to make it on direct appeal was

ineffective assistance of appellate counsel, and the Ohio Supreme Court's decision to that effect does not contravene clearly established federal law.

**Sub-claim Two: The Devillers Testimony:**

The second sub-claim of Ground One is that the State committed prosecutorial misconduct in presenting the testimony of David Devillers. In the Opinion and Order, Judge Watson dealt with this as a fair presentment issue and held that the claim of ineffective assistance of trial counsel made in Petitioner's Proposition of Law 1 in the Ohio Supreme Court is not the same as the claim of prosecutorial misconduct made in Ground One of the Petition (Opinion and Order, Doc. No. 34, PageID 397-408). The Report recommended not changing this ruling because it was correct (R&R, Doc. No. 486). The Objections now argue the Report is clearly erroneous or contrary to law for not finding that the District Judge was in error.

The gravamen of Petitioner's Objection is that the Ohio Supreme Court considered this claim on the merits, thereby waiving any procedural default (Objections, Doc. No. 51, PageID 505-506). In particular, Petitioner claims "At no point in addressing Monroe's claim that 'it was improper to allow Devillers to testify' did the Ohio Supreme Court reference the *Strickland* standard for ineffective assistance." (Objections, Doc. No. 51, PageID 505.) To the contrary, the following is a verbatim quotation from the Ohio Supreme Court's opinion:

> III
>
> **Ineffective Assistance of Counsel**
>
> [**P87] In propositions of law I and XI, Monroe argues that he was denied effective assistance of counsel. Reversal of a conviction for

> ineffective assistance requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052, 80 L.E.2d 674, *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. However, in no instance does Monroe demonstrate deficient performance or "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at paragraph three of the syllabus.

*State v. Monroe*, 105 Ohio St. 3d 384, 398 (2005). Thus the Ohio Supreme Court said it was considering an ineffective assistance of trial counsel claim, it set forth the governing standard, and then it cited *Strickland*. Petitioner's assertion in the Objections that "the Ohio Supreme Court decision addressed the Devillers claim without reference to *Strickland*" is patently incorrect. The District Court should not change its decision on this sub-claim for relief.

**Ground Six for Relief**

The Objections on Ground Six amount to a claim by Petitioner that the Magistrate Judge is clearly wrong for not finding the District Judge's initial analysis wrong. No repetition of the analysis would be useful.

**Sub-Claim A of Ground Eight for Relief**

This sub-claim asserts ineffective assistance of trial counsel in voir dire. The sub-claim, although it depends on the record, was not raised on direct appeal. Petitioner claimed ineffective

assistance of appellate counsel as excusing cause and Judge Watson concluded that had not been shown (Opinion and Order, Doc. No. 34, PageID 385-388). The Report recommended not changing this conclusion because it had not been shown to be erroneous (Report, Doc. No. 46, PageID 490). The Objections essentially assert that these voir dire errors were so clear that it was plainly ineffective assistance of appellate counsel not to raise them (Objections, Doc. No. 51, PageID 508-509).

Judge Watson denied this claim, concluding "The issues set forth by petitioner in assailing the manner in which the trial court and his own defense counsel conducted voir dire do not strike this Court as significant or obvious." (Opinion and Order, Doc. No. 34, PageID 385.) He noted many instances in which trial counsel "actually did what petitioner complains they did not." *Id.* Judge Watson meticulously applied the tests for ineffective assistance of appellate counsel in *Mapes v. Coyle*, 171 F. 3d 408 (6th Cir. 1999), and concluded, based on that analysis, that the Ohio Supreme Court decision finding no ineffective assistance of appellate counsel here was not contrary to, nor an objectively unreasonable application of, clearly established Supreme Court law.

In the absence of a Supreme Court decision that a particular argument should have been persuasive to any court of appeals, it is difficult to find error in Judge Watson's conclusion that these arguments need not have been raised to avoid ineffective assistance of appellate counsel.

**Conclusion**

In the absence of objections, the Report should be adopted as to Grounds Four and Seven.

The objections actually made are without merit and should be overruled.

October 18, 2010.

                                            s/ **Michael R. Merz**
                                         United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).