**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Jonathon D. Monroe,**

    **Petitioner,**

**v.**

**Marc Houk, Warden,**

    **Respondent.**

Case No. 2:07–cv–258

Judge Michael H. Watson

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action under 28 U.S.C. § 2254. This matter is before the Court upon Petitioner's motion for reconsideration of the Court's Opinion and Order on the motion to dismiss procedurally defaulted claims (ECF No. 37), the Magistrate Judge's Report and Recommendations on Petitioner's motion for reconsideration (ECF No. 46), Petitioner's objections to the Report and Recommendations (ECF No. 51), the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 52), and Petitioner's objections to the Supplemental Report and Recommendations (ECF No. 53).

### I. OVERVIEW

In a petition filed on March 27, 2007, Petitioner raised fifteen grounds for relief. This Court issued an *Opinion and Order* on September 8, 2009, denying as procedurally defaulted grounds one, four, six, seven, and eight (sub-part A). (ECF No. 34.) Petitioner urges the Court to reconsider its decision as to his first, fourth, sixth, and eighth grounds for relief. To be clear, Petitioner first filed a motion for reconsideration

of the Court's September 8, 2009, *Opinion and Order* on November 6, 2009. (ECF No. 37.) The Magistrate Judge issued a Report and Recommendations on August 6, 2010, recommending that the Court reverse its prior holding that the portion of ground four relating to the admission of photographs at the penalty phase was procedurally defaulted but that the Court should let stand the remainder of its procedural default decision. (ECF No. 46.) Petitioner filed objections on September 23, 2010. (ECF No. 51.) The Magistrate Judge issued a Supplemental Report and Recommendations on September 18, 2010, recommending that the Court overrule the objections as without merit and adopt the original Report and Recommendations. (ECF No. 52.) Petitioner filed objections to the Supplemental Report and Recommendations on November 1, 2010. (ECF No. 53.) The matter is now before the Court to address Petitioner's motion for reconsideration and objections to the Magistrate Judge's original Report and Recommendations and Supplemental Report and Recommendations.

## II. DISCUSSION

### A. Ground Four

In his fourth ground for relief, Petitioner argued that the introduction of gruesome photographs at both the trial and penalty phases of his case deprived him of due process, a fundamentally fair trial, and a fair and reliable sentencing proceeding in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Petition, ECF No. 10, at ¶¶ 120–139.) In its September 8, 2009, *Opinion and Order* on Respondent's motion to dismiss procedurally defaulted claims, this Court dismissed Petitioner's entire claim as procedurally defaulted due to Petitioner's failure to object at trial to the admission of the challenged photographs. (ECF No. 34, at 43.) The Court's opinion arriving at that conclusion, however, explained that although Petitioner had failed to object to admission during the trial phase of all but the photograph marked as State's Exhibit M-20, Petitioner had objected

no fewer than four times to the admission during the penalty phase of all of the photographs that the State sought to introduce. The Court determined, accordingly, that Petitioner had violated Ohio's contemporaneous objection rule as to the admission during the trial phase of all but the photograph marked as State's Exhibit M-20 but that Petitioner had not violated Ohio's contemporaneous objection rule as to the photographs that were admitted over defense counsel's objection during the penalty phase. Thus, in his motion for reconsideration, Petitioner correctly asserted that the Court had inadvertently dismissed ground four in its entirety instead of just the portion of ground four relating to the admission of photographs during the trial phase. (ECF No. 37, at 6.) The Magistrate Judge agreed and recommended that the Court amend its *Opinion and Order* to grant Respondent's motion to dismiss only as to the portion of ground four relating to the admission of challenged photographs at the trial phase. (ECF No. 46, at 6.) Petitioner raised no further objections to the Magistrate Judge's findings or recommendation on ground four.

Upon review, the Court AGREES WITH and ADOPTS the Magistrate Judge's recommendation (ECF No. 46, at 10) and GRANTS Petitioner's motion for reconsideration (ECF No. 37, at 6) in the following limited regard: the Court hereby AMENDS its *Opinion and Order* of September 8, 2009 (ECF No. 34), to GRANT Respondent's motion to dismiss ground four as to the admission at the trial phase of all but State's Exhibit M-20 but to DENY Respondent's motion to dismiss ground four as to the admission at the penalty phase of all challenged photographs.

**B. Ground Six**

In his sixth ground for relief, Petitioner argued that the trial court had erred in failing to merge not only the eight counts of aggravated murder but also the duplicative aggravating circumstances, thereby overwhelming the weighing process in favor of death in violation of Petitioner's rights to due process, a fair trial, and a fair and reliable

sentencing determination. (ECF No. 10, at ¶¶ 150–167.) In its September 8, 2009, *Opinion and Order*, the Court dismissed ground six as procedurally defaulted, due to Petitioner's failure to request a merger of the aggravating circumstances in violation of Ohio's contemporaneous objection rule. The Court further concluded that Petitioner had failed to demonstrate ineffective assistance of trial counsel as cause sufficient to excuse the default. In his motion for reconsideration, Petitioner asserted that "this Court accepted the conclusions of the Supreme Court of Ohio that counsel had not requested merger, that merger was not required for any of the aggravating circumstances, and that because of the paucity of mitigation presented there was no possibility that this massive stacking of statutory aggravating circumstances overwhelmed any possibility of receiving a life sentence." (ECF No. 37, at 8.) Petitioner proceeded to argue at length how the record, in his view, demonstrated that defense counsel had in fact "brought their objections to the attention of the trial court." (*Id*.) The Magistrate Judge was unpersuaded and found Petitioner's motion for reconsideration not well taken. (ECF No. 46, at 7.)

In his objections, Petitioner continued to insist that the record demonstrates that his defense counsel had requested, albeit unsuccessfully, that the jury consider only one count per victim consistent with Ohio and federal law. (ECF No. 51, at 4–5.) The Magistrate Judge remained unpersuaded, stating that "[n]o repetition of the analysis would be useful" where, according to the Magistrate Judge, "[t]he Objections on Ground Six amount to a claim by Petitioner that the Magistrate Judge is clearly wrong for not finding the District Judge's initial analysis wrong." (ECF No. 52, at 5.) Not willing to abandon his position, Petitioner persists in his most recent objections with his argument that he "did in fact request at trial that the jury only consider only one count per victim, as authorized by Ohio and federal constitutional law." (ECF No. 53.) Review of Petitioner's latest round of objections, however, reveals them to be mere reiterations of

the arguments that this Court originally considered and rejected in its September 8, 2009, *Opinion and Order* and that the Magistrate Judge twice considered and rejected.

Petitioner's objections are not well taken. Initially, the Court rejects Petitioner's assertion that it merely "accepted" representations by Respondent and findings by the Ohio Supreme Court that Petitioner had failed to request at trial the merger at the heart of ground six. This Court made that determination for itself from its own review of the record. (ECF No. 34, at 46–48.) Petitioner's argument that the record demonstrates that defense counsel did request merger consists of assumptions and conjecture about what happened *off* the record to explain what is (and is not) apparent *on* the record, to wit: "It is clear from *the context* of the on-the-record objection that there had been discussion *in chambers* about the re-admission of gruesome photographs and the court's plan to instruct the jury on all eight counts of aggravated murder (instead of one for each of the victims) and all of the thirty-two aggravating circumstances[.]" (ECF No. 37, at 8 (emphasis added).) In short, accepting Petitioner's argument that the record demonstrates that defense counsel did request merger would require this Court to credit assumptions as truth and accept conjecture as fact. The Court declines to do that.

For the foregoing reasons, the Court AGREES WITH and ADOPTS the Magistrate Judge's Report and Recommendations (ECF No. 46, at 7) and Supplemental Report and Recommendations (ECF No. 52, at 5), OVERRULES Petitioner's objections (ECF No. 51, at 4–5); ECF No. 53, at 5–6), and OVERRULES Petitioner's motion for reconsideration (ECF No. 37) as to this Court's disposition of ground six.

### C. Ground Eight

In sub-part (A) of his eighth ground for relief, Petitioner argued that he was denied due process, a fair trial, and the effective assistance of counsel during the jury

selection process, including voir dire. (Petition, ECF No. 10, at ¶¶ 180–84.) One of Petitioner's allegations was that defense counsel had failed to cull the pool of jurors who harbored preconceived notions of guilt and sentence, thereby resulting in a jury that was "conviction prone and inordinately prone to impose a sentence of death." (Id., at ¶ 181.) Petitioner also argued that the trial court had ignored the standards set forth in R.C. § 2945.25(C), in favor of less stringent standards set forth in Wainwright v. Witt, 469 U.S. 412 (1985), concerning excusing jurors who express scruples about the death penalty. Petitioner proceeded to argue that the trial court had erred in denying defense counsel's request for comprehensive, individual sequestered voir dire, forcing counsel instead to conduct voir dire of groups of six prospective jurors. Another of Petitioner's allegations was that defense counsel had failed to examine prospective jurors about general theories of defense or mitigation and, as to a few prospective jurors, had asked no questions at all. Finally, petitioner argued that defense counsel had failed to rehabilitate potential jurors expressing scruples about the death penalty and had failed to object when the prosecution asked prospective jurors whether they feared criticism if they failed to return a death verdict.

In its September 8, 2009, Opinion and Order, the Court dismissed the components of ground eight discussed above as procedurally defaulted. The Court concluded that Petitioner violated Ohio's doctrine of res judicata when he raised the claim in postconviction instead of on direct appeal. (ECF No. 34, at 55–63.) The Court further concluded that Petitioner failed to demonstrate ineffective assistance of appellate counsel as cause sufficient to excuse the default.

In his motion for reconsideration, Petitioner argued that this Court's detailed analysis concluding that appellate counsel were not ineffective, sufficient to absolve Petitioner of any fault for waiving his claim and to allow this Court to review it on the merits, "miss[ed] the point of Monroe's claim." (ECF No. 37, at 16.) Specifically,

Petitioner took issue with this Court's conclusions that trial counsel's alleged failings in voir dire were not so significant and obvious that appellate counsel could be found ineffective for failing to raise them and that there were numerous examples in the voir dire transcript of trial counsel doing what Petitioner was complaining they had not.  The essence of Petitioner's argument urging reconsideration was that because voir dire was conducted in panels of six prospective jurors at a time, sufficient voir dire by trial counsel as to one of those panels would not make up for insufficient voir dire as to other panels.  The Magistrate Judge was not persuaded by Petitioner's arguments that this Court had erred in its disposition of sub-part A to ground eight.  (ECF No. 46, at 9.)

Petitioner objected, arguing that because his two trial attorneys alternated voir dire of the panels of six prospective jurors at a time, "there was not a consistent question-and-answer pattern with each of the panels of jurors." (ECF No. 51, at 6.) According to Petitioner, "[i]ndeed, trial counsel failed to question entire panels regarding mitigation principles, either in general or specifically with regard to Monroe's case." (Id.) The Magistrate Judge rejected Petitioner's honed objections, stating that, "[i]n the absence of a Supreme Court decision that a particular argument should have been persuasive to any court of appeals, it is difficult to find error in Judge Watson's conclusion that these arguments need not have been raised to avoid ineffective assistance of appellate counsel." (ECF No. 52, at 6.)

In his most recent objections, Petitioner essentially reiterates the objections that he originally raised to the Magistrate Judge's original Report and Recommendations. (ECF No. 53, at 6–7.)  The Court finds neither set of objections persuasive.  First, the Court takes issue with the fact that in his objections, Petitioner largely is arguing the merits of a claim that this Court found to be procedurally defaulted.  More importantly, Petitioner's arguments simply miss the mark. That there existed in the transcript examples of trial counsel doing in voir dire that which Petitioner complained trial

counsel failed to do was only one of multiple reasons relied upon by this Court in concluding that, on the whole, appellate counsel had not performed deficiently and to Petitioner's prejudice sufficient to excuse the default of sub-part A of ground eight. The Court is no more persuaded now, in the face of Petitioner's repeated objections, than it was in its *Opinion and Order* of September 8, 2009, that Petitioner established ineffective assistance of appellate counsel as cause to excuse his default of ground eight, sub-part A.

For the foregoing reasons, the Court AGREES WITH and ADOPTS the Magistrate Judge's Report and Recommendations (ECF No. 46, at 9) and Supplemental Report and Recommendations (ECF No. 52, at 6), OVERRULES Petitioner's objections (ECF No. 51, at 5–6); ECF No. 53, at 6–7), and OVERRULES Petitioner's motion for reconsideration (ECF No. 37) as to this Court's disposition of ground eight, sub-part A.

### D. Ground One

In his first ground for relief, Petitioner argued that he was denied due process and a fair trial by ongoing misconduct of the prosecuting attorney. One of Petitioner's arguments was that the prosecutor, during closing arguments of the trial phase, improperly had appealed to the passions and prejudices of the jurors by focusing on the pain and suffering experienced by the victims. (ECF No. 10, at ¶¶ 96–99.) Petitioner's other argument was that the prosecution had committed misconduct in presenting the testimony of former prosecuting attorney David Devillers. (*Id.*, at ¶¶ 77–95.) Petitioner complained that although the State had called Devillers ostensibly to refute the existence of any secret deals between the State and accomplice-witness Shannon Boyd allegedly suggested by defense counsel during cross examination, the State had proceeded to elicit testimony from Devillers not only offering "expert" opinions regarding certain areas of the law, but more critically vouching for the truthfulness of Shannon

Boyd.

In its September 8, 2009, *Opinion and Order*, the Court dismissed both components as procedurally defaulted, but on entirely different bases. The Court will address each in turn. As to Petitioner's argument that the prosecutor had improperly appealed to the passions and prejudices of the jurors, the Court determined that Petitioner waived those allegations initially by raising them in postconviction instead of on direct appeal—a fact which Petitioner readily conceded. (ECF No. 34, at 64–69.)[1] The Court proceeded to reject Petitioner's assertion of appellate counsel ineffectiveness as cause to excuse the default, reasoning that the issue was not significant and obvious or stronger than the issues that appellate counsel did raise, that controlling law would not have favored the claim on appeal, and that defense counsel's failure to object to the challenged comments also diminished the claim. (*Id.* at 69–71.)

In his motion for reconsideration, Petitioner pointed to excerpts of the prosecutor's argument, contained in an affidavit/exhibit attached in support of the Application to Reopen that Petitioner had filed in the Ohio Supreme Court, that, according to Petitioner, demonstrate how the prosecutor's argument, taken as a whole, appealed to the passions and prejudices of the jurors. (ECF No. 37, at 18–20.) Thus, according to Petitioner, his appellate counsel were ineffective for failing to raise the above significant and obvious issue, thereby establishing cause and prejudice sufficient to permit Petitioner to litigate his prosecutorial misconduct claim on the merits. The Magistrate Judge disagreed. After considering Petitioner's arguments and reviewing the prosecutors' closing argument and rebuttal argument, the Magistrate Judge remarked that, "[i]t is a complete mischaracterization to claim that [the prosecutors] are focused on inflaming passions or appealing to prejudice." (ECF No. 46, at 3.) The

---

[1] The Court also found that although the trial court in postconviction appeared to have revived the improperly raised claim by addressing it on the merits, Petitioner defaulted the claim yet again when he failed to include the same challenge on appeal from the trial court's decision.

Magistrate Judge concluded that "the Opinion and Order was correct in rejecting a claim of ineffective assistance of appellate counsel as cause with respect to allowing merit review of this underlying claim of prosecutorial misconduct." (*Id.* at 4.)

In his objections to the Report and Recommendations, Petitioner took issue with the Magistrate Judge's conclusion that because the closing argument did not focus on inflaming passions or appealing to prejudice, Petitioner could not establish appellate counsel ineffectiveness for failing to challenge the arguments as cause to excuse the default of the underlying claim, *i.e.*, prosecutorial misconduct during closing arguments. (ECF No. 51, at 3–4.) Petitioner proceeded, as far as this Court can determine, to argue the merits of his defaulted claim—presumably in support of an unspoken argument that the challenged argument as a whole was so egregious that appellate counsel's failure to raise it amounted to ineffective assistance sufficient to excuse the default of the claim. The Magistrate Judge disagreed and found even more definitively the second time around that the prosecutorial misconduct claim should have been raised on appeal but was not and that the claim was "not so clearly a winning argument that failure to make it on direct appeal was ineffective assistance of appellate counsel . . . ." (ECF No. 52, at 3–4.)

Undaunted, Petitioner has renewed his objections, albeit without offering anything beyond what he argued in his initial objections. (ECF No. 53, at 3–4.) Nothing in Petitioner's arguments persuades this Court that it should reconsider its original decision. Notwithstanding Petitioner's interpretation of the prosecution's closing argument as appealing to the passions and prejudices of the jurors, the Court continues to be of the view that the issue was not significant, obvious, or stronger than the issues that were raised, that controlling law was stacked against any such argument on appeal, and that defense counsel's failure to object to the closing argument made them that much more unlikely to prevail on appeal. Petitioner's objections do not persuade

the Court otherwise.

Turning to the second component of Petitioner's first ground for relief—that the prosecution erred by presenting the "vouching" testimony of former assistant prosecutor David Devillers—the Court concluded that Petitioner failed to fairly present that argument to the state courts because he presented it to the Supreme Court of Ohio only as an allegation of trial counsel ineffectiveness, not as a freestanding claim. (ECF No. 34, at 71–83.) The Court also noted that Petitioner had not offered any cause or prejudice arguments to excuse the waiver. (*Id.* at 84.)

In his motion for reconsideration, Petitioner argued that because the Supreme Court of Ohio essentially addressed the merits of the prosecutorial misconduct claim, with very little reference to or reliance on the law governing ineffective assistance claims, the fair presentment requirement was satisfied and the claim was not waived. (ECF No. 37, at 20–27.) The Magistrate Judge did not agree. Specifically, the Magistrate Judge noted that Petitioner had presented no countervailing authority to the Sixth Circuit decisions relied upon by this Court in support of the principle that a habeas corpus litigant does not preserve an underlying claimed violation on the merits by presenting it to the state courts as a predicate of ineffective assistance of counsel. (ECF No. 46, at 4–5.) As to the depth in which the Supreme Court of Ohio addressed the underlying prosecutorial misconduct claim on its way to concluding that trial counsel were not ineffective for failing to object to the alleged misconduct, the Magistrate Judge concluded that that was not tantamount to addressing the claim on the merits sufficient to find that the fair presentment requirement was met. "[I]t is almost always the case," the Magistrate Judge explained, "that when deciding whether it was ineffective assistance of counsel to fail to make an argument, a court will focus on whether the argument would have any merit." (*Id.* at 5.)

In his objections to those conclusions, Petitioner continued to insist that the

Supreme Court of Ohio addressed the claim on the underlying merits and not solely as an instance of trial counsel ineffectiveness and that because the Supreme Court of Ohio addressed the claim outside of *Strickland v. Washington*, 466 U.S. 668 (1984), the prosecutorial misconduct claim was not waived. (ECF No. 51, at 2–3.) Petitioner proceeded to cite several Sixth Circuit decisions in support of his argument that "a claim addressed on its merits cannot be subjected to a procedural default, regardless of whether it could also have been found to be procedurally defaulted." (*Id.* at 2.) The Magistrate Judge still was not persuaded. In his Supplemental Report and Recommendations, the Magistrate Judge demonstrated that "Petitioner's assertion in the Objections that 'the Supreme Court of Ohio decision addressed the Devillers claim without reference to *Strickland*' is patently incorrect." (ECF No. 52, at 5.) The Magistrate Judge recommended that this Court not change its decision.

In his most recent objections, Petitioner reiterates the arguments he voiced in his original objections and additionally argues that the Magistrate Judge erred in recommending that the Court dismiss the entire claim related to Devillers' testimony. Petitioner asserts that "it is clear that at least an ineffective assistance of counsel claim predicated on the failure to object survives procedural default analysis." (ECF No. 53, at 3.) Petitioner's objections do not persuade this Court that it erred in dismissing the "Devillers' testimony" component of his first ground for relief as waived. The Court remains of the view that the Supreme Court of Ohio addressed the claimed prosecutorial misconduct only as a predicate of a claim of trial counsel ineffectiveness; the thoroughness of the Supreme Court of Ohio's examination of the propriety of Devillers' testimony does not alter the fact that the analysis ultimately began and ended as a discussion of ineffective assistance of trial counsel. Thus, Petitioner's argument that a claim addressed on its merits cannot be subjected to a procedural default, regardless of whether it could also have been found to be procedurally defaulted, is not

persuasive. The fact remains that this Court did not, and still does not, find that the underlying prosecutorial misconduct claim was addressed on the merits. It is clear to this Court that the Supreme Court of Ohio reviewed—and rejected—the claimed misconduct only en route to a determination that trial counsel had not performed deficiently or to Petitioner's prejudice in failing to object to Mr. Devillers' testimony.

Further, the Court disagrees with Petitioner's assertion that the Magistrate Judge made any recommendation that the Court dismiss as defaulted any ineffective assistance of counsel claim predicated on counsel's failure to object to Devillers' testimony. To the extent that Petitioner pleaded that ineffective assistance claim in his petition, (ECF No. 10, at ¶¶ 206–214), the Court will address that claim on the merits.

For the foregoing reasons, the Court AGREES WITH and ADOPTS the Magistrate Judge's Report and Recommendations (ECF No. 46, at 2–5) and Supplemental Report and Recommendations (ECF No. 52, at 2–5), OVERRULES Petitioner's objections (ECF No. 51, at 2–4); ECF No. 53, at 1–4), and OVERRULES Petitioner's motion for reconsideration (ECF No. 37) as to this Court's disposition of ground one.

### III. CONCLUSION

The Court **GRANTS** Petitioner's motion for reconsideration (ECF No. 37, at 6) in the following limited regard: the Court hereby **AMENDS** its *Opinion and Order* of September 8, 2009 (ECF No. 34), to **GRANT** Respondent's motion to dismiss ground four as to the admission at the trial phase of all but State's Exhibit M-20 but to **DENY** Respondent's motion to dismiss ground four as to the admission at the penalty phase of all challenged photographs. The Court **DENIES** Petitioner's motion for reconsideration in all other respects. Accordingly, the Court **GRANTS** in part and **DENIES** in part Petitioner's motion for reconsideration. (ECF No. 37.) The Court further **ADOPTS** the Report and Recommendations (ECF No. 46) and Supplemental Report and

Recommendations (ECF No. 52), and **OVERRULES** the objections filed on September 23, 2010 (ECF No. 51) and November 1, 2010 (ECF No. 53.)

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**