# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JONATHON D. MONROE,

    Petitioner,

:

Case No. 2:07-cv-258

:

  -vs-

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

:

    Respondent.

## SCHEDULING ORDER

This capital habeas corpus case came on for telephone scheduling conference at 10:30 A.M. on Thursday, January 24, 2013. Jerome Linneman and Laurence Komp participated on behalf of the Petitioner; Brenda Leikala participated on behalf of the Respondent.

On September 21, 2012, the Magistrate Judge granted in part and denied in part Petitioner's Motion for Discovery and Respondent's Request for Reciprocal Discovery (Doc. No. 82). That Decision set the parameters of discovery and adopted a deadline of December 21, 2012, for completion of the allowed discovery. No appeal was taken from that Decision and it accordingly establishes the law of the case for what discovery is allowable. On November 16, 2012, the discovery deadline was vacated in light of the impending substitution of new counsel for Petitioner, Mr. Linneman (Doc. No. 84).

With the consent of both parties made during the scheduling conference, the Court now sets August 1, 2013, as the deadline for completion of all permitted discovery. Counsel indicated their understanding that production of documents and any court rulings on privilege matters will

need to precede depositions which have been permitted and will schedule those events to make completion of discovery by August 1, 2013, feasible.

During the conference, the Court discussed the possible need for a ruling on privilege waiver by Petitioner. Having reviewed the prior Decision and Order, the Court notes that it already ruled as follows:

> Monroe explains that his appellate counsel have declined to speak with habeas counsel in the absence of a waiver of attorney-client privilege. By law, filing a claim of ineffective assistance of counsel constitutes a waiver of that privilege as to communications about the claims of ineffective assistance of counsel made. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States*, 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright,* 803 F.2d 1103 (11th Cir. 1986). The Court finds that Monroe has waived the attorney-client privilege as to all his claims of ineffective assistance of counsel, both trial and appeal.

(Decision and Order, Doc. No. 82, PageID 5664.)

January 24, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge
