IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JONATHON D. MONROE,

    Petitioner,

: Case No. 2:07-cv-258

: District Judge Edmund A. Sargus, Jr.
  -vs-    Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

:

    Respondent.

## DECISION AND ORDER DENYING SECOND MOTION FOR DISCOVERY

This capital habeas corpus case is before the Court on Petitioner's Second Motion for Discovery (the "Second Motion," Doc. No. 102). The Warden opposes the Motion ("Response," Doc. No. 107) and Monroe has filed a Reply in Support ("Reply," Doc. No. 112). A motion for discovery in a habeas corpus case is non-dispositive and thus amenable to a Magistrate Judge ruling instead of a recommendation. 28 U.S.C. § 636(b).

On March 28, 2001, the Court set a deadline for discovery motions of thirty days after the reply was filed (Doc. No. 57). The Petitioner's First Motion for Discovery was timely filed on June 18, 2012 (Doc. No. 77). On September 21, 2012, the Court granted the First Motion in part and denied it in part (Doc. No. 82). After substitution of counsel, a deadline for completion of discovery was set for August 1, 2013 (Doc. No. 86) and later extended on Joint Motion (Doc. No. 88) to October 31, 2013. With the consent of Respondent's counsel, the time for filing additional motions on completion of discovery was extended to February 10, 2014 (Doc. No. 101) and the Second Motion was filed on that date.

1

The general standard for discovery in habeas corpus cases is set forth in the Decision and Order granting in part and denying in part the First Motion (Doc. No. 82, PageID 5646-49).

Petitioner asserts "[t]he depositions uncovered additional areas upon which additional discovery is merited." (Second Motion, Doc. No. 102, PageID 7168.)

1.      **The Sequestration Issue**

Monroe represents that the jury was sequestered at a downtown Columbus hotel and "defense witnesses were by sheer coincidence staying at the same hotel." *Id.* at PageID 7170. Petitioner's habeas counsel learned this fact during the deposition of trial attorney Brian Rigg. When the coincidence was learned, the trial court took steps to ensure there was no violation of the sequestration. *Id.* at PageID 7171. Rigg apparently thought nothing of the incident. *Id.* Rigg confirmed that there was nothing in the record about the incident and his co-counsel Janes indicated he had no knowledge of any "problems or improper contact" (Janes Depo., Doc. No. 91, PageID 5995).

Based on this testimony, Monroe seeks the following discovery:

> 1) The depositions of the jurors to determine a) if they noticed the additional security; b) what, if anything, they were told by court officials or sheriff deputies; and, c) whether there was any improper contact;
>
> 2) The deposition of the Common Pleas Court Judge, the Hon. David W. Fais, regarding this incident, along with the production of any relevant documents or notes related to the jury sequestration or additional security measures that may be maintained by him;

>   3) The deposition of Judge Fais' Bailiff, Tim Jackson, regarding this incident, along with the production of any relevant documents related to the jury sequestration or additional security measures that may be maintained by him; and,
>
>   4) The production of any documents maintained by the Franklin County Sherriff's Department related to the jury sequestration or additional security measures in Petitioner's case that may be maintained by that agency.

(Second Motion, Doc. No. 102, PageID 7173.)

This request is based on pure conjecture that there may have been some contact between the jurors and defense witnesses or that the jury was somehow prejudiced against Monroe because "of possibly believing that Petitioner's family was following them or attempting to contact them." In the absence of any evidence of any contact, these extensive depositions are unwarranted.

**2.     The Complete Record Issue**

Attorney Rigg recalled that there were some pre-trial conferences which may not have been transcribed and his time sheets reflect "in-court, pre-trial proceedings on 6/25/01 for 1.4 hours, 10/6/01 for 2.0 hours, 12/5/01 for 1.3 hours, and 4/12/02 for 0.4 hours." (Second Motion, Doc. No. 102, PageID 7174, citing (Rigg Depo. Ex. 1, Doc. 94-1, Page ID # 6432-6433). Monroe asks the Court to order Respondent to have those proceedings transcribed and provided to him. *Id.* Respondent claims all hearing transcripts which are in existence have been provided (Response, Doc. No. 107, PageID 7247). In response, Monroe agrees no further discovery is needed (Reply, Doc. No. 112, PageID 7304.)

3

### 3. The Witness Interview Issue

At trial defense counsel Janes advised "the trial court that defense had been provided with video tapes of the police interview of [Shannon] Boyd." (Motion, Doc. No. 102, PageID 7175, citing Doc. No. 65-9, Page ID # 3767-3768)..)  At deposition he testified he "may have been given the opportunity to view the tape at the prosecutor's office, but was not given a copy of the tape to keep. *Id.* citing Doc. No. 91, Janes Depo.,Page ID #6025-6026.

Monroe now seeks an order to Respondent to produce a copy of Boyd's video-recorded statement (Second Motion, Doc. No. 102, PageID 7175.)  He argues that "[p]roduction of the videotaped interrogation may disclose that trial counsel overlooked important impeachment evidence." *Id.* at PageID 7176.

The Warden responds that the trial record shows defense counsel received the tape and used it in cross-examination of Boyd.  (Response, Doc. No. 107, PageID 7248, citing Trial Tr. Doc. No. 65-9, PageID 3767-69 and Doc. No. 65-11, PageID 4481-91.)  Review of the cited cross-examination shows defense counsel extensively used the Boyd videotaped statement. Apparently counsel have acquired no knowledge of what might be on the tape so as to make an allegation of how failure to inquire about it would have been ineffective assistance of trial counsel.  Under these circumstances, Monroe has failed to establish that the contents of Boyd's video-recorded statement are material.

4. **Impeachment of Charles White**

Charles White testified he was incarcerated in the Franklin County Jail with Monroe and Monroe confessed to him. Monroe now claims Riggs and Janes provided ineffective assistance of trial counsel when they did not obtain jail records to show where Monroe and White were respectively housed.

This discovery is sought in relation to Ground For Relief 8(B), a claim presented to the state courts on post-conviction. Monroe offers no justification for his having failed to include this request in his First Motion. That Motion was filed on the last day set by the Court for filing for discovery. Unlike the other three requests which are based on information learned in the discovery already granted, this request could and should have been made over two years ago.

**Conclusion**

In accordance with the above analysis, Petitioner's Second Motion for Discovery is denied in its entirety.

August 18, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge