IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JONATHON D. MONROE,

    Petitioner,

    -vs-

WARDEN, Ohio State Penitentiary,

    Respondent.

:

:

:

Case No. 2:07-cv-258

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

## DECISION AND ORDER DENYING, WITHOUT PREJUDICE, MOTIONS TO STAY AND AMEND

This capital habeas corpus case is before the Court on Petitioner's Motions to Stay and Abey[1] (Doc. No. 105) and to Amend (Doc. No. 116). Respondent opposes both Motions (Doc. Nos. 107, 117). These Motions are non-dispositive and thus amenable to a Magistrate Judge ruling instead of a recommendation. 28 U.S.C. § 636(b).

In the Motion to Stay and Abey, Monroe asks this Court to stay these habeas proceedings while he returns to the Ohio courts to litigate five new claims (1) ineffective assistance of trial counsel in connection with his alibi, (2) lack of representation during correction of the record on direct appeal, (3) revelation of his criminal record to the jury, (4) ineffective assistance of trial counsel for lack of adequate investigation and presentation of mitigation evidence, and (5) denial of right to consult with direct appeal counsel (Motion, Doc. No. 105, PageID 7204). These claims are not pled in the pending Petition, nor are they included in the Motion to Amend, which seeks to replead Ground Ten.

---

[1] For reasons of which the Court is unaware, habeas counsel have created a verb out of the word "abey." Black's Law Dictionary does not recognize "abey." The proper verb form should be "hold in abeyance."

1

The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims.  It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).  "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id*.  District courts were also directed to place reasonable time limits on the petitioner's trip to state court and back.  The Supreme Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F.3d 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

*Rhines* was needed to correct a problem (one of many) caused by enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Prior to adoption of the one-year statute of limitations in AEDPA, district courts were able to follow the rule in In *Rose v. Lundy,* 455 U.S. 509 (1982), where the Supreme Court held that a "mixed" habeas petition

2

containing both exhausted and unexhausted claims must be dismissed; *accord, Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987). Because there was no statute of limitations until the AEDPA, a mixed petition could be dismissed without prejudice and re-filed when exhaustion was complete.

At present, Monroe does not have a pending mixed petition which needs to be "saved" from dismissal because his new claims are not yet pled. This Court declines to read *Rhines* as authorizing a stay so that a death row petitioner can exhaust claims he has never pled in either the federal or the state courts.

Accordingly, the Motion to Stay and Abey is DENIED without prejudice to its refiling after the Court determines whether or not to allow amendment of the Petition. Furthermore, the Motion to Amend is DENIED without prejudice to its renewal not later than September 10, 2014, with all the claims Monroe wishes to present in this action.

Neither party may re-file by incorporating currently filed matter by reference.

For counsel's benefit, the Court notes that Petitioner's "Summary of Argument" at Doc. No. 105, PageID 7205, does not comply with S. D. Ohio Civ. R. 7.2(a)(3).

August 19, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge
