IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONATHON MONROE,

    Petitioner,

v.                                      Case No.  2:07-cv-258

MARC HOUK, Warden,             JUDGE EDMUND A. SARGUS, JR.

    Respondent.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the following documents:

- ECF No. 103 – Petitioner's Motion for Evidentiary Hearing;

- ECF No. 104 – Petitioner's Motion to Expand the Record;

- ECF No. 107 – Respondent's Response to Monroe's Motions for an Evidentiary Hearing and to Expand the Record;

- ECF No. 113 – Petitioner's Reply in Support of His Motions for an Evidentiary Hearing and to Expand the Record;

- ECF No. 120 – Decision and Order Denying Motions for to Expand the Record and for an Evidentiary Hearing;

- ECF No. 123 – Petitioner's Objections to the Magistrate Judge's Decision and Order Denying Motions to Expand the Record and for an Evidentiary Hearing (R. 120);

- ECF No. 126 – Respondent's Response to Monroe's Objections (Doc. No. 123) to the Magistrate's Decision (Doc. 119)

- ECF No. 129 – Supplemental Opinion on Motions for an Evidentiary Hearing and to Expand the Record;

- ECF No. 133 – Petitioner's Objections to the Magistrate Judge's Supplemental Opinion on Petitioner's Motions for an Evidentiary Hearing and to Expand the Record (R. 129); and

- ECF No. 134 – Respondent's Response to Monroe's Supplemental Objections (Doc. 133).

In his February 10, 2014 Motion for an Evidentiary Hearing, Petitioner requested a hearing to resolve conflicting testimony that previously permitted discovery uncovered. (ECF No. 103, at Page ID # 7191-7192.) Petitioner stated his intent to call as witnesses trial attorneys Brian Rigg and Ronald Janes, appellate attorneys Joe Edwards and Todd Barstow, his mother Rita Monroe and other family members, and an unnamed expert on prevailing professional norms governing attorney performance in capital cases (along with an affidavit from the late Donald Schumacher on the same). The crux of Petitioner's motion is that factual development in the form of an evidentiary hearing is warranted not only because Petitioner meets the 28 U.S.C. § 2254(e)(2) standard governing evidentiary hearings, but also because the Supreme Court decision of *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), placing restrictions on evidence federal courts can consider in habeas corpus essentially does not apply to Petitioner's case. (ECF No. 103, at Page ID # 7184-7187.)

In his February 10, 2014 Motion to Expand the Record, Petitioner asked the Court to expand the record before it with materials that Petitioner developed during previously permitted discovery, to wit: the depositions and accompanying exhibits of trial attorneys Brian Rigg and Ronald Janes, appellate attorneys Joe Edwards and Todd Barstow, Dennis Eshbaugh, and mitigation specialist James Crates. (ECF No. 104.) Petitioner stressed that he complied with already permissive Rule 7 and 2004 Advisory Notes and that he exercised due diligence in his

2

efforts to develop these facts in state court.

The Magistrate Judge denied both of Petitioner's motions in an August 19, 2014 Decision and Entry (ECF No. 120) and again in an October 6, 2014 Supplemental Opinion (ECF No. 129). For the reasons that follow, the Court agrees with the Magistrate Judge's reasoning in full and result in part.

Section 636(b)(1)(A) establishes the applicable standard of review. That provision, as interpreted by the Sixth Circuit, essentially creates two different standards by which district courts review a magistrate judge's finding. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Sixth Circuit explained as follows:

> A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the de novo standard. *See id.* at 674, 100 S.Ct. 2406.

*Id.* This Court, when reviewing a magistrate judge's order on non-dispositive matters, applies a "clearly erroneous or contrary to law" standard. *See, e.g., Duggan v. Village of New Albany, et al.*, No. 2:08-cv-814, 2009 WL 4884201, at * 1 (S.D. Ohio Dec. 15, 2009).

Issues of factual development in habeas corpus are non-dispositive matters. Accordingly, any order by a magistrate judge on such matters to which there is an objection must be reviewed by a district court under a "clearly erroneous or contrary to law" standard. This Court is aware of and finds persuasive other cases in which district courts applied a "clearly erroneous or contrary to law" standard when reviewing a magistrate judge's decision on habeas corpus discovery issues. *See, e.g, Jones v. Norman*, No. 4:12-CV-44CAS, 2012 WL 2826949, at * 2 (E.D. Missouri Jul. 10, 2012) (holding that habeas corpus discovery matters are non-dispositive

3

and subject to "clearly erroneous or contrary to law" standard of review); *Hardy v. Jones*, No. 07-14610, 2009 WL 415589, at * 1 (E.D. Mich. Feb. 17, 2009) ("A party may object to a magistrate judge's nondispositive discovery orders, and the reviewing court must affirm the magistrate judge's ruling unless the moving party demonstrates the ruling is 'clearly erroneous' or 'contrary to law.' 28 U.S.C. § 636(b)(1)(A)."); *Hoop v. Warden, Ohio Reformatory for Women*, No. 1:06-CV603, 2008 WL 2622989, at * 3 (S.D. Ohio Jun. 30, 2008) (holding as to order on motion to expand the scope of discovery, "[u]pon objections to a magistrate judge's order on nondispositive matters, the district judge 'shall modify or set aside any part of the order that is clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a).)).

In his August 19, 2014 Decision and Order, the Magistrate Judge denied Petitioner's motions to expand the record and for an evidentiary hearing "on the authority of *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388 (2011)." (ECF No. 120, at Page ID # 7381.) The Magistrate Judge noted that Petitioner's efforts to distinguish his case from the reach of *Pinholster* were "attractive, but so far as this Court is aware, unadopted by any circuit court." (*Id.*) The Magistrate Judge agreed with Respondent that the Sixth Circuit's decision of *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013), "used jurisdictional language to emphasize the strength of the holding in *Pinholster* and to apply it to exclude consideration of evidence added to the federal court record by agreement." (*Id.* at Page ID # 7382 (citing *Moore*, 708 F.3d at 781).)

Petitioner raised several objections. (ECF No. 123.) First, Petitioner objected to the Magistrate Judge's reliance on *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013), arguing that "the 'jurisdictional language,' or dicta, of the *Moore* case has been subsequently clarified by the Sixth Circuit." (ECF No. 123, at Page ID # 7396 (discussing *Allen v. Parker*, 542 Fed. App'x 435 (6th

4

Cir. 2013).) "Even taking *Moore* at face value," Petitioner continued, "[t]he Sixth Circuit's invented jurisdictional basis ignores that only Congress can set the parameters of a federal court's jurisdiction – not an intermediate federal appellate court." (ECF No. 123, at Page ID # 7397.) Citing *Hill v. Mitchell*, 2013 U.S. Dist. LEXIS 45919 (S.D. Ohio), Petitioner further argues that this Court has permitted expansion of the record over the state's argument that *Pinholster* precluded it. (ECF No. 123, at Page ID # 7398.) Petitioner also objects *Pinholster* does not control whether this Court may expand the record or grant an evidentiary hearing. (*Id.* at Page ID # 7398-7399 (discussing *Wellons v. Hall*, 558 U.S. 220 (2010); and *Williams v. Taylor*, 529 U.S. 420 (2000).) To that point, Petitioner reiterates his arguments that he satisfied any due diligence requirement in attempting to develop facts in the state courts. (ECF No. 123, at Page ID # 7399-7401.) Petitioner also notes that the Magistrate Judge already expressly found that the State of Ohio provides no opportunity for factual development on claims of ineffective assistance of appellate counsel. (*Id.* at Page ID # 7401.) Petitioner further argues that he is entitled to present evidence to clearly and convincingly rebut any factual finding made by the state courts. (*Id.* at Page ID # 7402.) Finally, Petitioner argues that even assuming *Pinholster* controls whether this Court may expand the record or grant a hearing, "Petitioner objects that there were additional paths to address *Pinholster*." (*Id.*)

In response to Petitioner's objections, the Magistrate Judge on September 6, 2014 issued a Supplemental Opinion again denying Petitioner's motions to expand the record and for an evidentiary hearing. (ECF No. 129.) Discussing *Allen v. Parker* at length and emphasizing that it held that § 2254(d)(1) was mandatory even if not jurisdictional, the Magistrate Judge concluded that "*Allen* supports rather than undercuts the Magistrate Judge's denial of an

5

evidentiary hearing." (*Id.* at Page ID # 7633.) Regarding this Court's post-*Pinholster* expansion of the record in *Hill v. Mitchell*, the Magistrate Judge concluded that he was bound by *Moore*, as reinforced by *Allen*, and that *Hill v. Mitchell* did not advert to *Moore*. The Magistrate Judge also noted that whatever efforts Petitioner undertook to develop these facts in state court, the Supreme Court simply has not recognized "a state-court-diligence exception to *Pinholster*." (ECF No. 129, at Page ID # 7633.) To that point, the Magistrate Judge also rebuffed Petitioner's reliance on the Third Circuit decision of *Moore v. Secretary Penn. Dept. of Corrections*, 457 Fed. App'x 170 (3 rd Cir. 2012), to establish an exception to *Pinholster* that the Sixth Circuit has not recognized. (ECF No. 129, at Page ID # 7633.)

Petitioner has raised several objections. (ECF No. 133.) Petitioner's primary objection is that "*Pinholster* answers only the narrow question of what record a district court may consider in making a determination of whether to grant a petition for habeas relief under 28 USC 2254(d)(1)" and does not speak to "how a federal court must conduct its review under other provisions of the AEDPA as codified in §2254." (*Id.* at Page ID # 7654.) "[S]ubsections (b), (c), and (e) of 2254," Petitioner asserts, "all provide separate steps that the district court must follow, and (e) provides a mechanism under which the federal court can, and in some circumstances must, expand the record or permit an evidentiary hearing prior to the ultimate (d)(1) determination." (*Id.* at Page ID # 7655.) Petitioner thus posits that "the Magistrate Judge's reliance upon *Pinholster* to deny expansion of the record or the granting of an evidentiary hearing is premature." (*Id.* at Page ID # 7656.) Petitioner maintains that *Pinholster* unequivocally acknowledged the possibility of a petitioner to introduce new evidence in a habeas corpus proceeding. Petitioner asserts that his exercising of diligence is relevant to that point.

6

A separate objection Petitioner raises is that "[t]he Magistrate Judge improperly discounted *Hill v. Mitchell*, 2013 U.S. Dist. LEXIS 45919 (S.D. Ohio 2013)." (*Id.* at Page ID # 7658.) Petitioner further asserts that *Panetti v. Quarterman* reinforces this Court's ruling in *Hill* permitting expansion of the record that the state argued *Pinholster* precluded.

Two final objections that Petitioner raises are that the Magistrate Judge does have the authority to determine whether Respondent's proposed application of § 2254 amounts to a suspension of the writ and that Petitioner is entitled to an opportunity to make a *prima facie* showing under § 2254(d)(1) of an unreasonable state application of federal law. (*Id.* at Page ID # 7659 (discussing *Moore v. Penn. Dept. of Corrections*, 457 Fed. App'x 170 (3rd Cir. 2012).)

The relevant habeas corpus statute, 28 U.S.C. § 2254(d)(1), restricts federal court review of constitutional claims as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim [] resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1). In *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011), the Supreme Court made clear "that review under 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." In *Moore v. Mitchell* and *Allen v. Parker*, the Sixth Circuit stressed the mandatory nature of a federal habeas court making the § 2254(d)(1) determination set forth above and addressed by *Pinholster*.

Petitioner's attempts to distinguish and parse *Pinholster* notwithstanding, it is beyond dispute that a federal habeas court reviewing a constitutional claim that the state courts adjudicated on the merits must make the § 2254(d)(1) determination set forth above and must do

so without the benefit of any new evidence developed or presented in habeas corpus. This is so even if the state court adjudication was summary. *Pinholster*, 131 S.Ct. at 1402 ("Section 2254(d) applies even where there has been a summary denial.") (citing *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)).)

The review that § 2254(d)(1) requires a federal habeas court to conduct is thus tantamount to a threshold determination that the court makes before moving forward on a claim. This Court shares the view of numerous other courts, including some within this circuit, that if a federal habeas court fulfills its duty as set forth in § 2254(d)(1) and clarified by *Pinholster*, *Moore*, and *Allen*, and answers the threshold determination in the positive—*i.e.*, determines based solely on the record that the state courts had that the state courts' adjudication contravened or unreasonably applied clearly established law—then that federal court is free to consider any new evidence developed in habeas corpus, through expansion of the record or via an evidentiary hearing, to determine whether to actually grant habeas corpus relief. *See, e.g., Lang v. Bobby*, No. 5:12 CV 2923, 2014 WL 5393574, at * 3 (N.D. Ohio Oct. 23, 2014) ("*Pinholster* does not bar consideration of evidence introduced for the first time in federal habeas when a federal court already has determined that the state court's adjudication involved an unreasonable federal-law error in violation of Section 2254(d)."); *Williams v. Houk*, No. 4:06 CV 451, 2012 WL 6607008, at * 4-5 (N.D. Ohio Dec. 18, 2012) (holding that federal habeas court may consider new evidence after making § 2254(d)(1) determination); *Lynch v. Hudson*, No. 2:07-cv-948, 2011 WL 4537890, at * 5 (S.D. Ohio Sep. 28, 2011) (same). This Court is further of the view that it may consider new evidence developed in habeas for other purposes, such as reviewing a claim that the state courts did not adjudicate on the merits or determining whether a procedural default

8

may be excused. *Lang*, 2014 WL 5393574, at * 3.

With an understanding of what § 2254(d)(1) requires in place, all that remains to be determined is timing. Assuming that Habeas Corpus Rule 7[1] has been satisfied, this Court *could* expand the record now with the express caveat that the Court cannot and will not consider the new evidence unless the Court first determines solely on the basis of the evidence the state trial court had that the state court's adjudication contravened or unreasonably applied clearly established Federal law. *See, e.g., Conway v. Houk*, No. 2:07-cv-947, 2011 WL 2119373, at * 3-4 (S.D. Ohio May 26, 2011) (allowing discovery post-*Pinholster* while reserving decision whether *Pinholster* ultimately would preclude consideration of any new evidence).

Alternatively, the Court *could* deny Petitioner's requests to expand the record and for a hearing with the understanding that the Court will revisit those matters in the event that the Court determines solely on the basis of the evidence the state court considered that the state court's adjudication contravened or unreasonably applied clearly established Federal law. *Bourne v. Curtin*, 666 F.3d 411, 415 (6th Cir. 2011) (agreeing that no new evidence was warranted because where state courts adjudicated claim on the merits, the petitioner was "stuck with the record") *Blevins v. Warden, Ross Correctional Inst.*, No. 1:05-cv-038, 2011 WL 6141062, at * 4 (S.D. Ohio Dec. 9, 2011) (holding that *Pinholster* was necessarily relevant to habeas discovery because "[t]here cannot be good cause to collect evidence which cannot be presented."); *Kyle v. Gansheimer*, No. 5:11 CV 1395, 2011 WL 4566363, at * 1-2 (N.D. Ohio Sep. 29, 2011) (denying motion for discovery because claims at issue had been adjudicated on the merits by

---

[1] Rule 7(a) of the Rules Governing Section 2254 cases provides in relevant part: If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.

9

state court); *Williams v. Mitchell* No. 1:09 CV 2246, 2011 WL 4457788, at * 2 (N.D. Ohio Sep. 23, 2011) (same). As noted above, the Court could also revisit the issue of expanding the record with new evidence for purposes other than making the § 2254(d)(1) determination.

The Magistrate Judge adopted the latter approach of forbearance. This Court has on at least one occasion adopted a Report & Recommendation that took the same approach. *See Brenson v. Warden, Toledo Correctional Inst.*, No. 2:11-CV-1146, at * 1-2 (S.D. Ohio May 6, 2014). As the paragraphs above suggest, case law on the issue appears to slightly favor forbearance; at the very least, the state of the law appears to be in equipoise. If the state of the law is that there is no right approach and there is no wrong approach, then it stands to reason there cannot be a clearly right approach or clearly wrong approach. That being so, the Court cannot conclude that the Magistrate Judge's approach was clearly erroneous or contrary to law.

Petitioner's objections are accordingly unavailing. Based on the foregoing, the Court overrules Petitioner's objections that *Pinholster* does not inform a federal habeas court's decisions whether to permit factual development; that there exists in the Sixth Circuit a state-court-diligence exception to *Pinholster*; and that the Sixth Circuit recognizes an entitlement to make a *prima facie* showing under § 2254(d)(1) of an unreasonable application of federal law. The Court overrules as moot Petitioner's objection that the Magistrate Judge does have the authority to decide whether Respondent's proposed interpretation of § 2254(d)(1) amounts to a suspension of the writ. Finally, the Court overrules Petitioner's objection that the Magistrate Judge improperly discounted this Court's decision in *Hill v. Mitchell* to allow post-*Pinholster* expansion of the record. Petitioner's reliance on *Hill v. Mitchell* is misplaced because there, unlike here, the claim upon which the Court permitted expansion of the record had *not* been

adjudicated on the merits, thereby rendering the strictures of § 2254(d) review and *Pinholster* inapplicable. *Hill v. Mitchell*, No. 1:98-cv-452, 2013 WL 1345831, at * 13 (S.D. Ohio Mar. 29, 2013).

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF Nos. 123 and 133). The Court agrees with and adopts the Magistrate Judge's August 19, 2014 Decision and Order Denying Petitioner's Motions to Expand the Record and for an Evidentiary Hearing (ECF No. 120) and September 25, 2014 Supplemental Opinion on the Motions for an Evidentiary Hearing and to Expand the Record (ECF No. 129), with the modification that this Court reserves the right to revisit Petitioner's motions. As noted in this decision, the Court is of the view that it is free to consider new evidence (1) if the Court determines based solely on the record that the state court had that the state court's adjudication contravened or unreasonably applied clearly established law or (2) for purposes unrelated to that determination.

**IT IS SO ORDERED.**

3-11-2015
EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

11