IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONATHON MONROE,

    Petitioner,

v.                                 Case No. 2:07-cv-258

MARC HOUK, Warden,          JUDGE EDMUND A. SARGUS, JR.

    Respondent.

## OPINION AND ORDER

    Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on the following documents:

- ECF No. 136 – Petitioner's Second Motion to Expand the Record Pursuant to Habeas Rule 7;

- ECF No. 141 – The Warden's Response to Monroe's Second Motion to Expand the Record;

- ECF No. 144 – Petitioner's Reply to the Warden's Response to Petitioner's Second Motion to Expand the Record;

- ECF No. 145 – Decision and Order on Petitioner's Second Motion to Expand the Record;

- ECF No. 149 – Petitioner's Objections to the Magistrate Judge's Decision and Order on Petitioner's Second Motion to Expand the Record (ECF No. 145);

- ECF No. 154 – Supplemental Opinion on Petitioner's Second Motion to Expand the Record;

- ECF No. 155 – Petitioner's Objections to the Magistrate's Supplemental Opinion on Petitioner's Second Motion to Expand the Record (ECF No. 154);

- ECF No. 156 – The Warden's Response to Monroe's Supplemental Objections

(Doc. 155) to the Magistrate's Supplemental Opinion (Doc. 154).

Petitioner seeks to add to the record before this Court certain recordings and related documents of police interrogations of state witness Shannon Boyd. (ECF No. 136.) The Magistrate Judge recommended against this Court allowing him to do so, relying on a previous Opinion and Order (ECF No. 142) this Court issued addressing Petitioner's earlier motion to expand the record. (ECF No. 145.) Petitioner objected. (ECF No. 149.) Upon recommittal for further consideration (ECF No. 150), the Magistrate Judge issued a Supplemental Opinion reiterating his original recommendation that this Court adhere to the decision (ECF No. 142) it reached on Petitioner's earlier motion to expand. (ECF No. 154.) Petitioner again objects. (ECF No. 155.) This matter is now before the Court for consideration of Petitioner's Objections (ECF Nos. 149 and 155), as well as Respondent's Response to those Objections (ECF No. 156).

The procedural history relevant to the instant motion to amend is as follows. In his February 10, 2014 motion for discovery (ECF No. 102), Petitioner sought among other items any audio, video, or other recordings of interrogations of state witness Shannon Boyd. The Magistrate Judge initially rejected Petitioner's requests (ECF No. 119). Following objections by Petitioner (ECF No. 122) and a recommittal order (ECF No. 124), the Magistrate Judge on September 25, 2014, issued a Supplemental Opinion essentially deferring consideration of Petitioner's request, pending Petitioner's attempt to obtain voluntary production (ECF No. 127, at Page ID # 7582-7584).

Petitioner complied by sending a written request to the County Prosecutor's office. Petitioner states that following his written request, the County Prosecutor on October 9, 2014 provided a written response and videotape of a September 19, 2000 interrogation of Shannon

Boyd. (ECF No. 136, at Page ID # 7721.) Because the prosecutor also represented that the office was in possession of no further recordings, Petitioner continues, Petitioner submitted a written request to the Columbus Police Department for any recordings in its possession of interrogations of Boyd. (*Id.*) In response, the Columbus Police Department provided three written summaries of interrogations of Boyd, as well as an audio recording of an interview in preparation for a polygraph examination of Boyd. (*Id.* at Page ID # 7721-7722.) Petitioner accordingly seeks to expand the record with three primary items: (1) a videotape of a September 19, 2000 interrogation of Shannon Boyd; (2) an audio recording of an October 21, 2000 pre-polygraph interview of Boyd; and (3) Columbus Police Department summaries of interrogations of Boyd. (*Id.* at Page ID # 7722.)

Respondent opposed Petitioner's motion, essentially incorporating by reference prior arguments he had made and referencing the Magistrate Judge's prior decisions denying Petitioner's requests. (ECF No. 141.) In his March 13, 2015 Reply, Petitioner incorporated his prior replies to Respondent's arguments and reiterated his arguments for why the decision of *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), does not preclude his request to expand the record. (ECF No. 144.)

On July 27, 2015, the Magistrate Judge issued a Decision and Order denying Petitioner's Second Motion to Expand the Record. (ECF No. 145.) The Magistrate Judge referenced this Court's March 11, 2015 Opinion and Order denying Petitioner's first motion to expand the record (ECF No. 142), and noted that neither party had cited any Sixth Circuit or Supreme Court decisions warranting a different result.

Petitioner filed Objections on August 13, 2015. (ECF No. 149.) Following this Court's

3

August 19, 2015 recommittal order (ECF No. 150), the Magistrate Judge on October 19, 2015 issued a Supplemental Opinion recommending that this Court adhere to its Opinion and Order denying Petitioner's original motion to expand the record (ECF No. 142). (ECF No. 154.)

This matter is now before the Court upon Petitioner's November 4, 2015 Objections. (ECF No. 155.)

The applicable law governing motions to expand the record was referenced by this Court in its March 11, 2015 Opinion and Order (ECF No. 142, at Page ID # 7824 n.1).

Section 636(b)(1)(A) establishes the applicable standard of review. That provision, as interpreted by the Sixth Circuit, essentially creates two different standards by which district courts review a magistrate judge's finding. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Sixth Circuit explained as follows:

> A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the de novo standard. *See id.* at 674, 100 S.Ct. 2406.

*Id.* This Court, when reviewing a magistrate judge's order on non-dispositive matters, applies a "clearly erroneous or contrary to law" standard. *See, e.g., Duggan v. Village of New Albany, et al.*, No. 2:08-cv-814, 2009 WL 4884201, at * 1 (S.D. Ohio Dec. 15, 2009).

The Magistrate Judge correctly noted that the instant motion is non-dispositive and thus within the Magistrate Judge's decisional authority. (ECF No. 145, at Page ID # 7842.) Accordingly, this Court reviews those portions of the Decision and Order to which Petitioner has objected under a "clearly erroneous or contrary to law" standard.

When the Magistrate Judge issued decisions denying Petitioner's original motion to

expand the record on the basis of *Cullen v. Pinholster* (ECF Nos. 120 and 129), Petitioner filed Objections raising four primary arguments: (1) *Cullen v. Pinholster* does not preclude the holding of an evidentiary hearing or expansion of the record; (2) the Magistrate Judge improperly discounted this Court's decision of *Hill v. Mitchell*, 2013 U.S. Dist. LEXIS 45919 (S.D. Ohio 2013); (3) the Magistrate Judge has authority to determine whether Respondent's proposed application of 28 U.S.C. § 2254 constitutes a suspension of the writ of habeas corpus; and (4) Petitioner should be given an opportunity to make a prima facie showing under § 2254(d)(1). (ECF No. 133.)

> On March 11, 2015, this Court issued an Opinion and Order stating the following:
>
> [T]he Court **OVERRULES** Petitioner's objections (ECF Nos. 123 and 133). The Court agrees with and adopts the Magistrate Judge's August 19, 2014 Decision and Order Denying Petitioner's Motions to Expand the Record and for an Evidentiary Hearing (ECF No. 120) and September 25, 2014 Supplemental Opinion on the Motions for an Evidentiary Hearing and to Expand the Record (ECF No. 129), with the modification that this Court reserves the right to revisit Petitioner's motions. As noted in this decision, the Court is of the view that it is free to consider new evidence (1) if the Court determines based solely on the record that the state court had that the state court's adjudication contravened or unreasonably applied clearly established federal law or (2) for purposes unrelated to that determination.

(ECF No. 142, at Page ID # 7826.) In so holding, the Court considered and rejected Petitioner's four arguments set forth above. (*Id.* at Page ID # 7821-7824.)

Those same four arguments form the basis of Petitioner's Objections to the Magistrate Judge's July 27, 2015 Decision and Order (ECF No.145) and October 19, 2015 Supplemental Opinion (ECF No. 154). (ECF Nos. 149 and 155.) Petitioner forthrightly acknowledges as much, and explains that he offers these arguments in their entirety in view of "the Sixth Circuit's strict waiver rule under Fed. R. Civ. P. 72[.]" (ECF No. 155, at Page ID # 7896 n.1.) The Court

5

understands Petitioner's cautiousness and appreciates his candor.

The Magistrate Judge has twice concluded that neither the Sixth Circuit nor the Supreme Court has issued any decisions since this Court's March 11, 2015 Opinion and Order denying Petitioner's motions for an evidentiary hearing and/or to expand the record. (ECF Nos. 145 and 154.) Because that appears to this Court to be the case, the Magistrate Judge's decisions are not clearly erroneous or contrary to law. The Court agrees with and adopts the Magistrate Judge's recommendation that the Court adhere to its March 11, 2015 ruling. (ECF No. 154, at Page ID # 7894.)

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections (ECF Nos. 149 and 155). The Court agrees with and adopts the Magistrate Judge's July 27, 2015 Decision and Order (ECF No. 145) and October 19, 2015 Supplemental Opinion (ECF No. 154). As it expressly held in its March 11, 2015 Opinion and Order (ECF No. 142, at Page ID # 7826), this Court reserves the right to revisit Petitioner's motions to expand the record, including the instant motion. This Court remains of the view that it is free to consider new evidence (1) if the Court determines based solely on the record that the state court had that the state court's adjudication contravened or unreasonably applied clearly established federal law or (2) for purposes unrelated to that determination.

**IT IS SO ORDERED.**

                                                     3-22-2016
                                      EDMUND A. SARGUS, JR.
                                      UNITED STATES DISTRICT JUDGE