IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONATHON MONROE,

Petitioner,

v.

Case No. 2:07-cv-258

MARC HOUK, Warden,

JUDGE EDMUND A. SARGUS, JR.

Respondent.

### OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on the following documents:

- ECF No. 125 – Petitioner's Second and Renewed Motion to Amend his Petition for a Writ of Habeas Corpus;

- ECF No. 128 – The Warden's Memorandum in Opposition to Monroe's Motion to Amend Petition for a Writ of Habeas Corpus (Doc. 125);

- ECF No. 135 – Petitioner's Reply in Support of His Second Motion to Amend;

- ECF No. 146 – Decision and Order;

- ECF No. 148 – Petitioner's Objections to the Magistrate Judge's Decision and Order [Granting in Part and Denying in Part Petitioner's Second and Renewed Motion to Amend the Petition for Writ of Habeas Corpus] (ECF No. 146).

Petitioner seeks to amend his Petition to add to certain existing claims new facts and evidence that he obtained during habeas corpus discovery. (ECF No. 125.) The Magistrate Judge recommended that this Court allow him to do so, but only as to certain claims to which Petitioner's proposed amendments "related back." (ECF No. 146.) In his Objections, Petitioner

1

takes issue with only those portions of the Decision and Order in which the Magistrate Judge denied Petitioner's requests to amend. (ECF No. 148.)

The procedural history relevant to the instant motion to amend was set forth by the Magistrate Judge in his July 27, 2015 Decision and Order. (ECF No. 146, at Page ID # 7845-7846.)

The applicable law governing motions to amend habeas corpus petitions was set forth by the Magistrate Judge in the same Decision and Order. (*Id.*, at Page ID # 7846-7847.) The Court agrees with and adopts the Magistrate Judge's discussion in full.

Section 636(b)(1)(A) establishes the applicable standard of review. That provision, as interpreted by the Sixth Circuit, essentially creates two different standards by which district courts review a magistrate judge's finding. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Sixth Circuit explained as follows:

> A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the de novo standard. *See id.* at 674, 100 S.Ct. 2406.

*Id.* This Court, when reviewing a magistrate judge's order on non-dispositive matters, applies a "clearly erroneous or contrary to law" standard. *See, e.g., Duggan v. Village of New Albany, et al.*, No. 2:08-cv-814, 2009 WL 4884201, at * 1 (S.D. Ohio Dec. 15, 2009).

The Magistrate Judge correctly noted that the instant motion is non-dispositive and thus within the Magistrate Judge's decisional authority. (ECF No. 146, at Page ID # 7844.) Accordingly, this Court reviews those portions of the Decision and Order to which Petitioner has objected under a "clearly erroneous or contrary to law" standard.

As a preliminary matter, the Magistrate Judge ruled that Petitioner should be granted leave to add some of his proposed amendments to certain existing claims. Neither party objected to those portions of the Magistrate Judge's Decision and Order, and the Court is satisfied that they are neither clearly erroneous nor contrary to law. Accordingly, the Court **ADOPTS** the Magistrate Judge's Decision and Order (ECF No. 146) allowing Petitioner to add the following proposed amendments: Paragraph 100-A to ground one; paragraphs 194-A to 194-HH to sub-part B of ground eight; paragraph 200-A to sub-part B of ground eight; paragraphs 204-A through 204-C to sub-part B of ground eight; paragraph 205-A to sub-part B of ground eight; paragraph 207-A to sub-part B of ground eight; paragraphs 263-A through 263-P to sub-part B of ground nine; paragraphs 344-A through 344-B to sub-part E of ground nine; paragraph 355-A to sub-part F of ground nine; paragraphs 386-C through 386-G to ground ten; paragraph 414-A to ground ten; paragraph 418-A to ground ten; and paragraph 420-A to ground ten.

Petitioner seeks, pursuant to Fed. R. Civ. P. 15, to amend his Petition to add to certain existing claims new facts and evidence that he learned during discovery that this Court allowed. Recognizing that any attempt to raise a new claim or amend an existing claim is subject to 28 U.S.C. § 2244(d)'s one-year statute of limitations and that any new claim or amended claim filed outside that one-year period is timely only if it "relates back" to the original pleading, Petitioner argues that his proposed amendments are timely "because the basis of the motion is information that was uncovered through discovery authorized by this Court." (ECF No. 125, at Page ID # 7408-7409.) The crux of Petitioner's argument is that because Ohio's appellate and postconviction procedures do not provide a constitutionally adequate remedy for factual development—*i.e.*, because Petitioner could not through due diligence have discovered the facts

3

underlying his claims until this Court permitted discovery—the starting point for one-year the statute of limitations governing those new facts is the date on which Petitioner learned of those facts, not the date on which the judgment against him became final on direct review. Petitioner accordingly argues that because his proposed amendments are timely, it is not even necessary to determine whether the amendments "relate back" to originally pled claims. (ECF No. 148, at Page ID # 7885.) This reasoning is Petitioner's primary argument for why his proposed amendment is timely (ECF No. 125, at Page ID # 7408-7417; (ECF No. 135, at Page ID # 7691-7717) and is the source of his first objection (ECF No. 148, at Page ID # 7882-7886).

In his Decision and Order, the Magistrate Judge recounted, but did not explicitly address, this particular argument. (ECF No. 146, at Page ID # 7848-7849.) Petitioner thus states that he "objects to the Magistrate Judge's omission on this point, and submits that the requests for leave should be granted as timely under 28 U.S.C. §2244(d)(1)(D)." (ECF No. 148, at Page ID # 7883.)

The one-year statute of limitations governing habeas corpus petitions is set forth in 28 U.S.C. § 2244(d):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court had made retroactively applicable to cases on collateral review; or

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). Petitioner argues that his proposed amendments are timely pursuant to § 2244(d)(1)(D) because he sought leave to add them within one year of the completion of discovery. (ECF No. 148, at Page ID # 7884.) Relatedly, he invokes § 2244(d)(1)(B) in arguing that the failure of Ohio's appellate and postconviction procedures to provide for factual development amounted to a state-created impediment to Petitioner's filing his proposed amendments sooner than he did, and that he filed his motion to amend within one year of the date the impediment was removed—*i.e.*, within one year from the date habeas corpus discovery permitted him the opportunity for factual development that the state had prevented. (*Id.*)

To the extent Petitioner is suggesting that alleged or perceived deficiencies in the adequacy of Ohio's appellate and postconviction procedures categorically provide a basis for finding that § 2244(d)(1)'s one-year limitations begins to run on the date Petitioner learned of facts through habeas corpus discovery, § 2244(d)(1)(D), or on the date a state-created impediment to Petitioner's filing his proposed amendments was removed, § 2244(d)(1)(B), the Court rejects that argument. The Sixth Circuit decisions upon which Petitioner relies for that novel argument are distinguishable. First, neither *Willis v. Jones*, nor *Ege v. Yukins* involved a motion for leave to amend the petition pursuant to Fed. R. Civ. P. 15. *Willis v. Jones*, 329 Fed. App'x 7 (6th Cir. 2009), involved *Brady* material that the State of Michigan had not provided prior to trial but readily provided once Petitioner requested it some years later. *Id.* at 9. The Sixth Circuit held that Petitioner's habeas corpus claims filed within one year of Petitioner's receipt of that *Brady* material were timely because "due diligence did not require Willis to ask

5

the state if it had withheld *Brady* material unknown to him." *Id*. Whatever *Willis* stands for with respect to the concept of due diligence, it does not support equating a state's knowing concealment of evidence with the deficiencies in Ohio's appellate and postconviction processes that Petitioner alleges for purposes of determining when § 2244(d)'s one-year period of limitations begins to run.

*Ege v. Yukins*, 485 F.3d 364, 373-74 (6th Cir. 2007), involved the revelation of a letter by a prosecutor from a different county assailing the reliability of a "bite mark" expert whose testimony had played a role in the petitioner's conviction. In finding that the letter provided a critical factual predicate to the petitioner's due process claim, sufficient under § 2244(d)(1)(D) to start the running of the one-year limitations period, the Sixth Circuit characterized the science of the "bite mark" testimony presented against the petitioner as "complete bunk," and the expert who had provided that testimony as a "charlatan." Because that is a far cry from the nature of the facts underlying Petitioner's proposed amendments, *Ege* lends limited support to Petitioner's argument. *See also Redmond v. Jackson*, 295 F. Supp. 2d 767, 771-72 (E.D. Mich., South. Div. 2003) ("In other words, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits.")

When determining the beginning date of the one-year limitations period, Petitioner fails to persuade this Court that there exists no distinction between a state actively concealing

6

evidence (*Brady* violation) and the failure, as set forth by Petitioner, of Ohio's appellate and PCR processes to function as Petitioner would prefer with respect to the availability of discovery and other factual development. To be clear, it is not that Ohio does not provide for discovery and evidentiary hearings in postconviction. This Court is not unsympathetic to the obstacles inmates in Ohio face when seeking factual development in support of claimed violations of federal rights. But none of the pre-AEDPA Sixth Circuit decisions cited by Petitioner assailing the adequacy of Ohio's postconviction process (ECF No. 125, at Page ID # 7410-7411; ECF No. 148, at Page ID # 7883-7884) have been extended to suggest that § 2244(d)(1)'s limitation period categorically begins running from the date a petitioner learned through habeas corpus discovery what Ohio's appellate and postconviction processes did not permit that petitioner to learn in time to file federal claims within one year of the finality of the state court judgment. Petitioner's first objection is **OVERRULED**.

Having rejected Petitioner's argument that by virtue of alleged constitutional inadequacies in Ohio's appellate and postconviction processes, his discovery during these habeas proceedings of the facts underlying his proposed amendments categorically marks the date on which § 2244(d)(1)'s limitation period begins to run, the Court examines on a claim-by-claim basis whether this is the case. In so doing, the Court also reviews Petitioner's second objection—namely to those portions of the Decision and Order in which the Magistrate Judge concluded that Petitioner's proposed amendments did not relate back to the originally (and timely) pled claim.

Upon review of each of Petitioner's proposed amendments, the Court is persuaded— albeit narrowly—that all but one are timely pursuant to § 2244(d)(1)(D) because they were filed

7

within one year of the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. The Court characterizes its approval as "narrow" because all of Petitioner's proposed amendments consist of either facts apparent from the face of the record or facts arguably already known to Petitioner, with the only added component being facts that Petitioner learned for the first time through habeas corpus depositions of defense counsel, appellate counsel, and/or defense-team experts. As to all but one of his proposed amendments, Petitioner essentially argues that his proposed amendments include or rely on information known exclusively to attorneys or defense-team experts that could not have been uncovered by Petitioner, despite the exercise of due diligence, until formal discovery was authorized by this Court.

For example, the amendments that Petitioner proposes to add to the prosecutorial misconduct claim set forth in ground one (proposed paragraphs 100-B through 100-O), and to the ineffective assistance of counsel claim set forth in ground eight (proposed paragraphs 181-A through 181-O) consist of allegations of ineffective assistance of trial counsel and appellate counsel for respectively failing to object to and raise on appeal the prosecutor's repeated references during *voir dire* to Petitioner's prior criminal conduct. The prosecutor's references, as well as the absence of objections at trial by defense counsel or inclusion on appeal by appellate counsel, are all readily apparent from the face of the record. All that is missing, and is contained in Petitioner's proposed amendments, are the attorneys' reasons for the actions on their part that Petitioner seeks to challenge. To that point, Petitioner argues that "[i]nformation known exclusively to trial counsel could not have been uncovered by Petitioner, despite the exercise of due diligence, until formal discovery was authorized by this Court." (ECF No. 135, at Page ID #

8

7696.) Petitioner essentially asserts that this new factual predicate—"information known exclusively to trial counsel"—is critical enough to his existing claims that the revelation to him of those facts during habeas corpus discovery is the point at which § 2244(d)(1)'s one-year statute of limitations on his proposed amendments began to run. Those proposed amendments are thus timely, Petitioner concludes, because he filed his motions to amend within one year of learning these new facts during habeas corpus depositions.

Out of an abundance of caution and in the spirit of Rule 15's purpose of promoting a liberal policy of permitting amendments, the Court finds Petitioner's argument persuasive—with the following exception. The amendments that Petitioner proposes to add to the alleged jury instruction error set forth in ground seven consist of allegations that the jury instructions actually read to the jury were inconsistent with the written jury instructions (proposed paragraphs 178-A through 178-D). These proposed amendments are entirely contained within the record and consist of no new information gleaned during habeas corpus discovery, a fact which Petitioner readily concedes. (ECF No. 135, at Page ID # 7695.) To the extent Petitioner argues that these proposed amendments are nonetheless timely because they "arose out of the same conduct, transaction, or occurrence" set forth in the originally pled claim and accordingly "relate back" to that claim, (*Id*. at Page ID # 7694-7695), the Magistrate Judge concluded in his Decision and Order (ECF No. 146, at Page ID # 7853) that these proposed paragraphs constituted an entirely new claim and did not relate back to the originally pled jury instruction claim. This Court is not persuaded by Petitioner's arguments that the Magistrate Judge's ruling was clearly erroneous or contrary to law. The Court agrees with and **ADOPTS** the Magistrate Judge's Decision and Order finding that proposed paragraphs 178-A through 178-D do not relate back to ground

seven, and **OVERRULES** Petitioner's objection that the paragraphs "arise from a common core of operative facts as the original petition, and simply provide additional specificity…." (ECF No. 148, at Page ID # 7888.)

As to the remainder of Petitioner's proposed amendments—paragraphs 100-B through 100-O; paragraphs 181-A through 181-O; paragraphs 234-A through 234-T; paragraphs 253-A through 253-L; paragraph 344-C; paragraphs 383-A through 383-K; paragraphs 386-A through 386-B; paragraphs 421-A through 421-K; and paragraph 421-L—the Court concludes that they are timely because they were filed within one year of the date on which their factual predicate could have been discovered through the exercise of due diligence. As Petitioner asserts:

> [P]etitioner sought discovery, an evidentiary hearing, and expansion of the record at every stage of post-conviction proceedings, and in his direct appeal. Thus, the discovery authorized by this Court provided the first opportunity in which Petitioner could have discovered any fact outside the record. Because Petitioner sought to amend the Petition within one year of discovery of each of the relevant claims, the proposed amendment was within the one year statute of limitations.

(ECF No. 135, at Page ID # 7691.) This Court's review of the record confirms the efforts Petitioner made to discover and develop the facts underlying his claims while pursuing those claims in the state courts.

Pursuant to the Magistrate Judge's September 21, 2012 Decision and Order allowing certain discovery (ECF No. 82), Petitioner conducted depositions of his appellate attorneys on July 15 and 16, 2013. (ECF Nos. 98 and 99.) He filed his motion to amend the Petition with facts learned during those depositions within one year of those depositions, specifically on July 14, 2014. (ECF No. 116.) Petitioner conducted depositions of his trial attorneys and defense experts in October, 2013 (ECF Nos. 90 through 97) and filed his Notice of Completion of Discovery on October 31, 2013 (ECF No. 89).

10

On August 19, 2014, the Magistrate Judge denied Petitioner's original motion to amend (ECF No. 116) without prejudice, subject to renewal with a complete proposed petition instead of just the proposed amendments, and allowed Petitioner until September 10, 2014 to file any renewed motion to amend. (ECF No. 121.) Petitioner filed the instant motion (ECF No. 125) within one year of the October, 2013 depositions and Notice of Completion of Discovery, specifically on September 10, 2014.

Because the foregoing demonstrates that all but one of Petitioner's proposed amendments was timely filed, it is accordingly unnecessary to undertake the analysis of whether those proposed amendments "relate back" to the original pleading. As to the amendments set forth immediately above, the Court **SUSTAINS** Petitioner's Objections (ECF No. 148) and **OVERRULES** the Magistrate Judge's Decision and Order denying Petitioner's motion for leave to amend his Petition to add those proposed paragraphs (ECF No. 146).

The Court agrees with and **ADOPTS** the Magistrate Judge's observation that nothing in this Opinion and Order affects the Court's previous procedural default rulings. Petitioner has filed a Motion for Reconsideration of the Court's procedural default rulings (ECF No. 151), which motion will be addressed in a separate decision. The Court also agrees with and **ADOPTS** the Magistrate Judge's admonition that "[n]o implication regarding [*Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388 (2011)] should be read into this Decision." (ECF No. 146, at Page ID # 7860.)

11

For the foregoing reasons, the Court **SUSTAINS in part and OVERRULES in part** Petitioner's objections (ECF No. 148), as set forth in this Opinion and Order. The Court **ADOPTS in part and OVERRULES in part** the Magistrate Judge's July 27, 2015 Decision and Order (ECF No. 146), as set forth in this Opinion and Order.

**IT IS SO ORDERED.**

3-23-2011
EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**