# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JONATHAN D. MONROE,

    Petitioner,

:

Case No. 2:07-cv-258

:

  -vs-

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

:

    Respondent.

---

## REPORT AND RECOMMENDATIONS ON PETITIONER'S SECOND MOTION FOR RECONSIDERATION

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Reconsideration of Order Granting Respondent's Motion to Dismiss Procedurally Defaulted Claims (ECF No. 151). The Warden opposes the Motion (Response, ECF No. 152), and Monroe has filed a Reply (ECF No. 153). This is Monroe second motion for reconsideration of the same prior decision, brought six years after that decision was made.

Motions for reconsideration of interlocutory decisions are not expressly authorized in either Title 28 or the Federal Rules of Civil Procedure, nor classified by those authorities as dispositive or non-dispositive. Because it is a District Judge's decision which is sought to be changed, it is appropriate for an assigned Magistrate Judge to make a recommendation rather than a decision on such motions.

1

**Procedural History Relevant to the Motion**

Pursuant to the First Scheduling Order (ECF No. 12) entered in this case by Magistrate Judge Kemp, the Warden filed a motion on July 9, 2007, to dismiss Grounds for Relief One, Four, Six, Seven, and Eight (A) as procedurally defaulted (ECF No. 19).  District Judge Watson, to whom the case was then assigned, granted that Motion in a ninety-three page Opinion and Order (ECF No. 34, reported at *Monroe v. Houk,* 2009 U.S. Dist. LEXIS 85259 (S.D. Ohio Sept. 8, 2009)).  Under Judge Kemp's subsequent revised scheduling order (ECF No. 36), Petitioner first moved for reconsideration of that decision on November 6, 2009 (ECF No. 37).  Before the renewed motion was ripe, the magistrate judge reference was transferred to the undersigned who recommended that "the Court should reverse its prior holding that the portion of Ground for Relief Four related to admission of photographs at the guilt phase [is procedurally defaulted]. Otherwise the Opinion and Order should stand as filed." ("Report," ECF No. 46, PageID 491.) Judge Watson adopted the Report over Petitioner's Objections (ECF No. 56), which had been filed by replacement counsel.  In September 2012 the case was reassigned to District Judge Sargus upon Judge Watson's recusal (ECF No. 80).  The same month the undersigned allowed some of the discovery requested by the parties (ECF No. 82) and set a deadline for its completion.

Following completion of discovery, Petitioner, on February 10, 2014, filed new motions for evidentiary hearing (ECF No. 103), to expand the record (ECF No. 104), and to stay and abey the proceedings (ECF No. 105).  In August 2014 the Magistrate Judge denied all three motions (ECF Nos. 119, 120, 121).  Chief Judge Sargus overruled objections to those orders in March 2015 (ECF No. 142).  Monroe had previously filed a second motion to expand the record (ECF

2

No. 136) which the Magistrate Judge denied in July 2015 (ECF No. 145); Chief Judge Sargus affirmed that decision over Monroe's Objections (ECF No. 157). He also expanded the Magistrate Judge's permission for an amended petition (ECF No. 158), noting

> The Court agrees with and ADOPTS the Magistrate Judge's observation that nothing in this Opinion and Order affects the Court's previous procedural default rulings. Petitioner has filed a Motion for Reconsideration of the Court's procedural default rulings (ECF No. 151), which motion will be addressed in a separate decision.

*Id.* at PageID 8019.

The instant second Motion for Reconsideration had been filed in the meantime on September 1, 2015.

## ANALYSIS

The same standard applies to the instant Motion for Reconsideration as the Court applied to Monroe's first such motion:

> While the Court has authority to reconsider interlocutory orders, "[a]s a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).

(Report, ECF No. 46, PageID 483.) See *Gencorp, Inc., v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), cited by both parties, but which actually states a parallel test for motions to

amend a judgment under Fed. R. Civ. P. 59(e), rather than for an interlocutory motion to reconsider.

**The Law to Be Applied to Show Cause and Prejudice**

Petitioner's motion requests "reconsideration of the 'cause and prejudice' component of *Maupin* [*v. Smith,* 785 F.2d 135 (6th Cir.1986)], as the same has been interpreted by the Sixth Circuit in *Cunningham v. Hudson,* 756 F.3d 477 (6th Cir. 2014), and *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006)." (ECF No. 151, PageID 7918.) Petitioner asserts the Court in its 2009 decision deferred to the state courts' determinations on this point "under a standard of deference ordinarily afforded to a merits determination in a habeas case pursuant to 28 U.S.C. § 2254(d)(1)" and the analysis under *Cunningham* and *Joseph* is "distinct." *Id.*

There is no dispute between the parties that the appropriate analysis of a procedural default defense in habeas corpus is set out in *Maupin*:

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent

4

> state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

There is likewise no dispute that ineffective assistance of counsel can constitute excusing cause for a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996). However, *Murray v. Carrier* also holds that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings." 477 U.S. at 489; *see also Ewing v. McMackin*, 799 F.2d 1143, 1149-50 (6th Cir. 1986).

When ineffective assistance of trial counsel is presented as an independent claim and decided on the merits by the state courts, their decision is entitled to deference under AEDPA. That is, it cannot be set aside by a habeas court unless it is contrary to or an objectively unreasonable application of law clearly established by holdings of the Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. 86, ___, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

On the other hand, when ineffective assistance of counsel is asserted to show cause and prejudice excusing a procedural default, the petitioner need not satisfy the heightened 2254(d)(1) deference standard. *Hall v. Vasbinder,* 563 F.3d 222, 236-37 (6th Cir. 2009). "An argument that ineffective assistance of counsel should excuse a procedural default is treated differently than a

5

free-standing claim of ineffective assistance of counsel." *Id*. at 236, *citing Ege v. Yukins*, 485 F.3d 364, 378 (6th Cir. 2007), and *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006).  "The latter [free-standing claim] must meet the higher AEDPA standard of review, while the former need not." *Joseph*, 469 F.3d at 459.   The *Hall* court went on, however, to hold "[t]he prejudice analysis for the procedural default and the prejudice analysis for the ineffective assistance of counsel argument are sufficiently similar to treat as the same in this context. '[E]stablishing *Strickland* prejudice likewise establishes prejudice for purposes of cause and prejudice.'" 563 F.3d at 237, *quoting Joseph*, 469 F.3d at 462-63 (*citing Mincey v. Head*, 206 F.3d 1106, 1147 n.86 (11th Cir. 2000), and *Prou v. United States*, 199 F.3d 37, 49 (1st Cir. 1999)).

To establish what the "distinct" test for cause and prejudice is, Monroe cites first to *Fischetti v. Johnson*, 384 F.3d 140 (3rd Cir. 2004), where the court held that complete denial of counsel, itself a constitutional violation, was sufficient to excuse default of another claim.  That, of course, is not what happened in this case; Monroe was never denied counsel altogether.

In *Joseph*, the Sixth Circuit does not enunciate a different standard. 469 F.3d 441 (6th Cir. 2006).  Instead, it quotes *Edwards v. Carpenter*, 29 U.S. 446 (2000), as holding that "[n]ot just any deficiency in counsel's performance will do . . .; the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Id*. at 459.  The *Joseph* court then noted that the state courts in Joseph's case had not reached the prejudice prong of one of Joseph's ineffective assistance of trial counsel claims, and concluded "[t[]hus the AEDPA standard applies to these analyses [where the state courts reached the merits] but not to the *Strickland* prejudice issue with respect to the failure to object to the indictment." *Id.*  at 460, n. 14, *citing Wiggins v. Smith*, 539 U.S. 510, 534 (2003),

6

for the proposition that federal habeas review is not "circumscribed by a state court conclusion with respect to prejudice" where the state courts did not reach the prejudice prong. This decision suggests that a state court decision on the merits of an ineffective assistance of counsel claim is binding in habeas on the supposedly distinct cause and prejudice issue. The Magistrate Judge also notes that *Joseph* was decided November 9, 2006, but not cited to Judge Watson in Monroe's September 17, 2007, Response in Opposition (ECF No. 27).

More straightforward is Magistrate Judge Terrence Kemp's analysis in *Gorman v. Warden,* 2012 U.S. Dist. LEXIS 66878 (S.D. Ohio 2012). He wrote:

> For purposes of determining if petitioner's counsel was ineffective and that such ineffectiveness excuses the procedural default of the claims made in ground eight of the petition, the Court reviews this state court determination de novo - that is, without affording the state court determination the type of deference ordinarily required by 28 U.S.C. §2254(d)(1).

*Id.* at *28, citing *Joseph* and *Hall*.

The Magistrate Judge concludes Monroe is correct that the analysis of ineffective assistance of counsel as a free-standing claim and for purposes of cause and prejudice is indeed "distinct." For both purposes the controlling standard is the constitutional one enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). But Strickland is to be applied de novo to cause and prejudice excuses of procedural default but with AEDPA deference when the state court has decided an ineffective assistance claim on the merits.

**The Law As Applied in the Contested Decision**

Monroe seeks reconsideration of Judge Watson's Opinion and Order on Grounds for Relief One, Four, Six, Seven, and Eight (A).  Those Grounds will be discussed here in the order in which Monroe now argues them, rather than the order in which Judge Watson decided them.

**First Ground for Relief:  Prosecutorial Misconduct**

In his First Ground for Relief, Monroe asserts he was deprived of a fair trial by the prosecutor's misconduct (Amended Petition, ECF No. 160, PageID 8045).[1] He claims the prosecutor appealed to the passions and prejudices of the jury (*Id.*  at PageID 8049, ¶¶ 96-99) and improperly handled the testimony of David Devillers (*Id.*  at PageID 8045-49, ¶¶ 77-95).

**Appeal to Passion and Prejudice**

As to this sub-claim of Ground One for Relief, Monroe asserts Judge Watson misapplied *Maupin* because he "found that Petitioner failed to show cause and prejudice, subject to the deferential AEDPA standard." (ECF No. 151, PageID 7922, citing ECF No. 34, PageID 394-96.)

Judge Watson noted that the Ohio Supreme Court had rejected Monroe's ineffective assistance of appellate counsel claim summarily by denying his motion to reopen the appeal

---

[1] References herein to Monroe's Grounds for Relief will be to the present form of their pleading in the Amended Petition, rather than to the original Petition as it was at the time of Judge Watson's decision.  The paragraph numbering in the Amended Petition parallels that in the original, with new matter allowed by Chief Judge Sargus added as subparagraphs.  E.g., ¶¶ 100

8

This required the habeas Court to "conduct an independent review of the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies federal law, or involves an unreasonable determination of the facts." (Order, ECF No. 34, PageID 394.)  While this language suggests the deferential standard of § 2254(d)(1), Judge Watson actually proceeded to apply *Strickland* and *Mapes v. Coyle,* 171 F.3d 408 (6th Cir.1999), directly to the record to determine tha there was no viable ineffective assistance of appellate counsel claim to excuse the procedural default of ¶¶ 96-99 of the First Ground for Relief.  He made an extensive analysis of the *Mapes* factors and concluded:

> For reasons touched upon by the trial court in rejecting these prosecutorial misconduct allegations in postconviction, this Court concludes under *Strickland* and *Mapes* that petitioner's appellate attorneys did not perform deficiently or to his prejudice by failing to raise these allegations on direct appeal.
>
> Nowhere in his postconviction action, his application to reopen, or his habeas corpus action did petitioner point to a single comment constituting an improper appeal by the prosecuting attorney to the jurors' passions or prejudices. Thus, it is difficult to characterize the issue as significant and obvious or stronger than the issues that were raised. Moreover, controlling case law did not favor this claim or militate in favor of appellate counsel raising it. Closing arguments are to be viewed in their entirety, *see, e.g., State v. Ballew*, 76 Ohio St. 3d 244, 255 (1996); *State v. Lorraine*, 66 Ohio St. 3d 414, 420 (1993); *State v. Moritz*, 63 Ohio St. 2d 150, 157 (1980), and generally, prosecuting attorneys are entitled to considerable latitude in closing arguments, *see, e.g., Ballew*, 76 Ohio St. 3d at 255; *State v. Maurer*, 15 Ohio St. 3d 239, 269 (1984).
>
> Further, the standard for relief is onerous, insofar as appellate courts will not reverse a conviction on the basis of prosecutorial misconduct during closing arguments where it is clear beyond a reasonable doubt that the jury would have found the accused guilty even absent the alleged misconduct. *See, e.g., State v. Jones*, 90 Ohio St. 3d 403, 420 (2000); *State v. Loza*, 71 Ohio St. 3d 61, 78

>(1994); *State v. Smith*, 14 Ohio St. 3d 13, 15 ( 1984). Finally, defense counsel did not object to any portions of the prosecution's closing arguments (Tr. Vol. 5, at 1216-33) or rebuttal arguments (Tr. Vol. 5, at 1243-58) as improperly appealing to the passions or prejudices of the jurors. This Court has reviewed the prosecution's trial phase closing and rebuttal arguments and found no remarks so egregious in their appeal to the jurors' passions and prejudices as to alert any competent attorney to raise a claim of prosecutorial misconduct.

(Opinion, ECF No. 34, PageID 394-95.)  Monroe has not demonstrated any manifest error of law in Judge Watson's decision on this sub-claim.

### Testimony of David Devillers

Monroe's First Ground for Relief also asserts prosecutorial misconduct in the way that the testimony of David Devillers was presented to the jury (Amended Petition, ECF No. 160, PageID 8045-49, ¶¶ 76-99).

Judge Watson found this sub-claim procedurally defaulted for lack of fair presentation to the Ohio courts (Opinion, ECF No. 34, PageID 396-409).  He noted that the "[p]etitioner offers no cause and prejudice arguments" and continued

>Logically, the only argument petitioner could offer is ineffective assistance of appellate counsel, and this Court is precluded from considering that argument because it does not appear that petitioner ever presented that appellate counsel ineffectiveness claim to the state courts. See *Edwards v. Carpenter*, 529 U.S. at 452-53 (holding that an ineffective assistance of counsel claim offered as cause for the default of a substantive federal claim must first be properly presented to the state courts).

*Id.* at PageID 409.

As to this subclaim, Monroe does not assert any manifest error of law, but rather that he has newly-discovered evidence which shows cause and prejudice (if the Court accepts on this issue the deposition testimony of appellate counsel) or will show cause and prejudice if the Court conducts an evidentiary hearing (Motion, ECF No. 151, PageID 7925.)   But th4e evidence he relies on, obtained in discovery in these habeas proceedings, is not "newly-discovered" as that term is used in the cases on motions for reconsideration.

> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  Monroe did not depose his appellate counsel, W. Joseph Edwards, until July 15, 2013 (ECF No. 98).  The instant Motion for Reconsideration was not filed until September 1, 2015, almost two years later.  But the fact that Edwards was the appellate attorney and that he had not raised this prosecutorial misconduct claim as a stand-alone claim on direct appeal has been known to habeas counsel (other than Monroe's present counsel) since 2007.  Whatever Mr. Edwards had to say about why he omitted a stand-alone prosecutorial misconduct claim was at least presumptively available to Monroe's habeas counsel more than six years before Edwards was deposed.  Monroe has not demonstrated evidence from Edwards is "newly-discovered" within the meaning of established case law on motions for reconsideration.

No change to Judge Watson's decision on the Devillers sub-claim of Ground One is warranted.

**Fourth Ground for Relief:  Gruesome Photographs**

In his Fourth Ground for Relief, Monroe asserts he was denied a fair trial by the introduction of gruesome photographs of the victims and crime scene.  Judge Watson found that the Ohio Supreme Court enforced Ohio's contemporaneous objection rule against Monroe and he had not excused the default by showing ineffective assistance of trial counsel (ECF No. 34, PageID 367-68).

As evidence that the Court misapplied *Maupin*, Petitioner cites to Judge Watson's Opinion and Order (ECF No. 34, at PageID 366-67), where he held as to Ground for Relief Four that the Ohio Supreme Court, in rejecting the ineffective assistance of trial counsel claim as to gruesome photographs neither "contravened [nor] unreasonably applied" *Strickland v Washington. Id.* at PageID 367. That is again appropriate language to use in applying AEDPA deference to a state court decision on the merits of a constitutional question, as required by 28 U.S.C. § 2254(d)(1).  However, in the very next paragraph, Judge Watson continued, "this Court cannot disagree with, much less find unreasonable, the Ohio Supreme Court's decision. . ." on the ineffective assistance of trial counsel claim.  *Id.*  at PageID 368.  That amounts to a finding the Ohio Supreme Court was correct, even when reviewed *de novo* as opposed to under § 2254(d)(1).  Judge Watson's decision is not based on a manifest error of law.

As newly discovered evidence, Monroe relies on the depositions of his trial lawyers Janes and Rigg, taken during these habeas proceedings in which they discuss how they might have done things differently.  This evidence is not "newly-discovered" for the same reasons given above on Ground One as to attorney Edwards' deposition.  Moreover, after reviewing the issue, Judge Watson held "[i]n view of the fact that the trial court reviewed the photographs and

removed those that it found too gruesome or repetitive, it does not appear that any additional or more ardent objections from defense counsel would have persuaded the trial court to rule differently." *Id.* at PageID 368. This amounts to a holding that, even assuming the failure to object was constitutionally deficient performance, it did not prejudice Monroe's case. Nothing is offered in the instant Motion for Reconsideration to overcome that finding.

No change to Judge Watson's decision on Ground Four is warranted.

### Ground Six: Failure to Merge Counts and Aggravating Circumstances

In his Sixth Ground for Relief, Monroe asserts he was deprived of a fair trial when the trial court did not merge the eight counts of aggravated murder and the duplicative aggravating circumstances. Two women were victims of this crime and the State had four theories of aggravated murder for each killing.

Monroe argues Judge Watson misapplied *Maupin* when he found ineffective assistance of trial counsel did not excuse trial counsels' failure to object, "reciting the deferential AEDPA standard." (Motion ECF No. 151, PageID 7926, citing Opinion, ECF No. 34, PageID 375-75 and 378.) Judge Watson again used the language that he did not disagree with, much less find unreasonable, the state courts' conclusions. As noted above, this connotes *de novo* as well as deferential review. Jude Watson proceeded to make his own finding of lack of prejudice:

> Furthermore, even assuming that counsel performed deficiently by failing to request merger of the aggravating circumstances--a conclusion that finds no support in the case law or this record--this Court cannot help but conclude that no prejudice resulted from that alleged error. Given the paucity of mitigation evidence that petitioner presented during his penalty hearing, it tests the limits of credulity to suggest, as petitioner has, that the "needless stacking

13

>of aggravating circumstances overwhelmed any possibility that [petitioner] may have had of demonstrating that the mitigating factors he could have presented were not outweighed by the collective weight of thirty-two statutory aggravating circumstances attached to eight separate counts of aggravated murder." (Petition, Doc.# 10, at ¶ 156.) *Cf. State v. Chinn*, 85 Ohio St. 3d 548, 557 (1999) ("given the dearth of mitigating evidence in this case, it is clear to us that the outcome of appellant's trial would not have been any different had the three specifications of aggravating circumstances been merged into one prior to the penalty phase"); *State v. Palmer*, 80 Ohio St. 3d 543, 575 (1997) (same).

(Opinion, ECF No. 34, PageID 377-78.)  Monroe offers nothing in his Motion to overcome this finding of lack of prejudice.

No change to Judge Watson's decision on Ground Six is warranted.

**Ground Seven: Erroneous Jury Instructions**

In his Seventh Ground for Relief, Monroe asserts the jury instructions in this case required the jury to unanimously reject a death sentence before considering a sentence of life imprisonment (Amended Petition, ECF No. 160, PageID 8066).  Judge Watson concluded this Ground for Relief was procedurally defaulted by Monroe's failure to fairly present it to the state courts (Opinion, ECF No. 34, PageID 416).  Judge Watson found Monroe had not offered to show cause and prejudice and, using language familiar from his decision on Ground One, concluded that the only possible argument was ineffective assistance of appellate counsel which was precluded by Monroe's failure to present that claim to the Ohio courts.  *Id.*

Petitioner offers no evidence on this claim, indicating it was not inquired into on deposition because Ground Seven had already been dismissed.  That assertion rings hollow in

light of counsel's inquiry into evidence for other dismissed grounds when appellate counsel was deposed. On account of *Cunningham*, however, counsel suggests starting discovery over and allowing the repeated depositions of trial and appellate counsel and adding a deposition of post-conviction counsel (ECF No. 151, PageID 7928).

Although *Cunningham* would permit evidence outside the state court record on this claim, the *Cunningham* court did not suggest that its ruling created good cause to reopen decisions already made.[2]

Respecting the failure to raise the ineffective assistance of appellate counsel claim in the state courts, Monroe argues he can show cause and prejudice to excuse that omission by showing "federal equity cause and prejudice allowed under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013)"(Motion, ECF No. 151, PageID 7928). *Martinez* and *Trevino* only apply, however, to omitted claims of ineffective assistance of **trial** counsel.[3]

No change to Judge Watson's decision on Ground Seven is warranted.

**Ground Eight 8(A): Ineffective Assistance of Counsel in Voir Dire**

In his Eighth Ground for Relief, Monroe claims he received ineffective assistance of trial counsel in the way his counsel handled voir dire (Amended Petition, ECF No. 160, PageID

---

[2] The Court notes that the language in *Cunningham* relevant to *Pinholster* is found in a footnote in a case where there was no procedural default analysis by the District Court.

[3] The Sixth Circuit has not yet decided whether *Martinez* and *Trevino* apply at all to the Ohio system of postconviction relief. *McGuire v. Warden*, 738 F.3d 741, 751-52 (6th Cir., 2013); *Landrum v. Anderson*, 813 F.3d 330, 336 (6th Cir. 2016).

8067).  This claim was first raised in postconviction proceedings and the Warden argued it was procedurally defaulted under Ohio's criminal *res judicata* doctrine because it depended entirely on the record and therefore should have been raised on direct appeal.  Monroe responded that it was omitted because of ineffective assistance of appellate counsel.

Monroe now claims Judge Watson decided this question under the deferential AEDPA standard.  At one point in his decision on Ground Eight(A), Judge Watson did use language appropriate to AEDPA deference:  "An examination of the *Mapes* factors does not lead this Court to conclude that the Ohio Supreme Court's decision denying petitioner's claims of ineffective assistance of counsel contravened or unreasonably applied controlling federal law." (ECF No. 34, PageID 385.)  However, he then analyzes the record directly, noting that it shows "plenty of instances during which defense counsel actually did what petitioner complains that they did not."  He found that some of the issues presented were clearly stronger than the omitted voir dire issues. *Id.* at PageID 386.  He noted several *Mapes* factors that did not favor Monroe. *Id.*  He concluded:

> The final *Mapes* factor directs the Court to consider whether the decision to omit the issue was an unreasonable decision that only an incompetent attorney would make. After careful review, the Court answers that inquiry in the negative, and further finds, under the two-pronged *Strickland* standard, that petitioner cannot demonstrate ineffective assistance of appellate counsel sufficient to establish cause for the default of sub-part (A) of his eighth ground for relief. A review of the voir dire transcript, as well as the relevant law governing petitioner's specific challenges, leads this Court to conclude that the trial court and defense counsel errors alleged by petitioner were not strong, obvious, meritorious, or likely at all to prevail on appeal.

*Id.* at PageID 387-88. This language bespeaks a *de novo* consideration of the claimed ineffective assistance of appellate counsel. Monroe has not demonstrated any manifest error of law in Judge Watson's decision on Ground Eight (A).

Monroe recites admissions made by appellate counsel Edwards and Barstow which he says show cause and prejudice (Motion, ECF No. 151, PageID 7929-31). None of this evidence shows that Monroe was prejudiced by his appellate attorneys' omissions, given that Judge Watson found the claims of ineffective assistance of trial counsel in voir dire were not likely to prevail. None of Monroe's new evidence speaks to this point.

No change to Judge Watson's decision on Ground Eight (A) is warranted.

**Conclusion**

Petitioner's instant Motion for reconsideration should be DENIED.

June 7, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).