IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONATHON MONROE,

    Petitioner,

v.

MARC HOUK, Warden,

    Respondent.

Case No. 2:07-cv-258

JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on for consideration of Petitioner's Objections (ECF No. 164) to the Magistrate Judge's Report and Recommendations (ECF No. 162) recommending denial of Petitioner's Motion for Reconsideration of Order Granting Respondent's Motion to Dismiss Procedurally Defaulted Claims (ECF No. 151). Also before the Court are the Warden's Response (ECF No 152); Petitioner's Reply (ECF No. 153); and the Warden's Response to Petitioner's Objections (ECF No. 165).

### Overview

On September 8, 2009, District Judge Michael H. Watson[1] issued an Opinion and Order dismissing on the basis of procedural default Petitioner's first, fourth, sixth, seventh, and eighth (in part) grounds of relief. (ECF No. 34.) As Petitioner and Respondent point out, Judge Watson later reconsidered his decision as to the penalty-phase admission of gruesome

---

[1] Judge Watson subsequently recused himself and the case was reassigned to the

photographs set forth in ground four but left the remainder of his procedural default ruling in place. (ECF No. 56.) Petitioner now seeks reconsideration of the cause-and-prejudice standard for excusing procedural default, essentially arguing that Judge Watson improperly applied the deferential standard of review set forth in 28 U.S.C. § 2254(d) and that new facts and evidence revealed during discovery in these proceedings warrant a reexamination of Petitioner's cause-and-prejudice arguments.

The Magistrate Judge recommended denial of Petitioner's Motion. As to the procedurally defaulted grounds for which Judge Watson found no viable ineffective assistance of counsel claim to excuse the default, the Magistrate Judge concluded that although Judge Watson had used language suggesting a deferential standard of review, Judge Watson then proceeded to engage in a *de novo* review of the ineffective assistance claim offered to satisfy the cause-and-prejudice test. (ECF No. 162, at Page ID # 8172, 8175, 8176-8177, 8179-8180.) With respect to the procedurally defaulted claims for which Petitioner offered newly discovered evidence—depositions of Petitioner's trial attorneys, trial experts, and appellate attorneys—to excuse the defaults, the Magistrate Judge concluded that the evidence was not "newly discovered" as that term is used in cases discussing motions for reconsideration. (*Id*. at Page ID # 8174, 8175-8176.)

Petitioner asks this Court to overrule the Report and Recommendations, lodging five distinct objections. (ECF No. 164.)

## Standards of Review

The standard of review a District Court applies to a Magistrate Judge's ruling is set forth in 28 U.S.C. § 636(b)(1). That provision, as interpreted by the Sixth Circuit, essentially creates

---

Undersigned.

two different standards by which District Courts review a Magistrate Judge's ruling. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The Sixth Circuit explained as follows:

> A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the de novo standard. *See id.* at 674, 100 S.Ct. 2406.

*Id.*

The Magistrate Judge correctly noted that although motions for reconsideration of interlocutory decisions are not characterized as either dispositive or non-dispositive, where "it is a District Judge's decision which is sought to be changed, it is appropriate for an assigned Magistrate Judge to make a recommendation rather than a decision on such motions." (ECF No. 162, at Page ID # 8164.) The claims that Judge Watson determined to be procedurally defaulted will be dismissed when final judgment is entered. That being so, the Court will treat this matter as dispositive and apply *de novo* review to the Report and Recommendations (ECF No. 162) and Objections (ECF No. 164).

With respect to reconsideration of interlocutory decisions, the Court agrees with and adopts the standard of review set forth by Magistrate Judge. (ECF No. 162, at Page ID # 8166.) As explained by the Magistrate Judge, reconsideration is generally disfavored, absent a showing by the moving party of a manifest error of law, newly discovered evidence previously unavailable to the parties, or intervening authority. (*Id.* (citations omitted).)

The Court further agrees with and adopts the four-part standard in the Sixth Circuit for determining whether a habeas corpus claim is barred by procedural default, including the authority requiring independent review, rather than deferential review, of ineffective assistance

3

of counsel claims offered as cause and prejudice to excuse procedural default. (ECF No. 162, at Page ID # 8167-8170.)

Against this backdrop, the Court will address each of Petitioner's objections.

## Analysis

**First Objection**: **The Magistrate Judge engaged in an objectionable post-hoc analysis of the Procedural Default Dismissal finding that Judge Watson had applied *de novo* review even where Judge Watson explicitly stated that he was applying AEDPA Deference.**

Petitioner argues that it was error to find that Judge Watson, after explicitly invoking the deferential standard of review set forth in § 2254(d), implicitly applied a *de novo* review of the ineffective assistance claims offered as cause. (ECF No. 164, at Page ID # 8196-8203.) Petitioner asserts that once Magistrate Judge found that Judge Watson had invoked an improper standard of review, the Magistrate Judge should have engaged in *de novo* review sufficient to constitute full reconsideration. (*Id.* at Page ID # 8196, 8197, 8198.) Petitioner reasons that it is immaterial whether Judge Watson purported to undertake an independent review of the ineffective assistance claims offered as cause if Judge Watson, as the procedural default decision suggests, considered himself to be constrained by the deferential standard of review set forth in § 2254(d). (*Id.* at Page ID # 8198.) To illustrate his objection, Petitioner urges the Court to emulate the review the Magistrate Judge conducted as to ground six, but withheld as to grounds one, four, and eight (A). With respect to ground six, according to Petitioner, the Magistrate Judge identified an alternative basis for rejecting the ineffective assistance claim offered as "cause," rather than rely on a post-hoc characterization of Judge Watson's review as *de novo*. (*Id.* at Page ID # 8202.) The Court disagrees.

This Court has reviewed Judge Watson's September 8, 2009 Opinion and Order

4

addressing procedural default (ECF No. 34), and is in agreement with the Magistrate Judge's determination that even though Judge Watson made boilerplate-like references to § 2254(d)'s deferential review in discussing the ineffective assistance of counsel claims offered as cause and prejudice in connection with grounds four, six, eight(A) and one, additional language that Judge Watson used sufficiently establishes that he also independently reviewed the record, applicable case law, and Petitioner's arguments in rejecting those cause-and-prejudice arguments. (ECF No. 34, at Page ID # 368, 376-378, 382-388, 393-396.) The Court rejects Petitioner's characterization of the Magistrate Judge's determination in that regard as a post-hoc analysis. And once the Magistrate Judge determined that Judge Watson undertook independent review of the ineffective assistance claims offered as cause—a determination this Court agrees with—that negated any finding of manifest error sufficient to warrant reconsideration.

Although the foregoing is dispositive and all that is required of this Court to fulfill its duty to review the Report and Recommendations and Objections *de novo*, the Court will, *out of an abundance of caution*, further note that it finds no ineffective assistance sufficient to establish cause and prejudice. Where, as here, the defaulted issues were facially colorable but hardly game-changing, nothing in the state court record, the attorneys' habeas corpus depositions, applicable case law, or Petitioner's arguments supports a finding that but for counsel's alleged failures to assert these issues, there is a reasonable probability that the outcome of Petitioner's trial or appeal would have been otherwise. That is so as to the passions-and-prejudices component of the prosecutorial misconduct claim set forth in ground one, the culpability-phase admission of gruesome photographs set forth in ground four, the failure to merge counts and aggravating circumstances set forth in ground six, and the jury selection/*voir dire* errors alleged

5

in ground eight (A).

The Court **AGREES WITH and ADOPTS** the Report and Recommendations (ECF No. 162, at Page ID # 8173, 8175, 8176-8177, 8179); Petitioner's first objection (ECF No. 164, at Page ID # 8196-8203) is **OVERRULED**.

> **Second Objection:** The evidence proffered in Petitioner's Motion was "newly discovered evidence" which provided grounds for reconsideration.

Petitioner argues that the Magistrate Judge erred in finding that new evidence Petitioner proffered in support of the DeVillers-testimony component of ground one and ground four—habeas corpus testimony by trial counsel, trial investigators/experts, and appellate counsel—was not "newly discovered" as that term is understood, insofar as the evidence was technically available to Petitioner six years before he discovered and presented it. First, Petitioner argues that here, unlike the cases relied on by the Magistrate Judge, Petitioner did *not* have the opportunity or means to gather the evidence in question until habeas corpus provided him with the tools of subpoenaing testimony and documents. (ECF No. 164, at Page ID # 8203-8204.) Petitioner also faults the Magistrate Judge for applying Rule 59's more narrow interpretation of the term "newly discovered evidence." Petitioner advocates for the adoption of a broader view of what evidence to entertain when reconsidering matters that are disposed of via a motion to dismiss that precedes discovery and trial. (*Id.* at Page ID # 8205-8209.)

As a preliminary matter, the Court finds unpersuasive Petitioner's suggestion that the Court should not apply Rule 59 standards when deciding a Rule 59 motion. The Court's September 8, 2009 procedural default decision may have been pre-discovery and pre-trial, but the issue of procedural default, unlike issues typically disposed of via a motion to dismiss, was fully briefed. Further, nothing about the Court's previous orders allowing discovery or

6

amendment of the Petitioner should be construed as expressing any opinion about whether the evidence at issue was "newly discovered" sufficient to warrant reconsideration of previously decided matters. Notwithstanding the foregoing, the Court is not unsympathetic to the plight of a petitioner trying to obtain testimony or documents from reluctant former counsel without the power to compel testimony or production of documents. And the exercise-of-reasonable-diligence language that often informs what constitutes "newly discovered evidence" arguably lends support to equating difficult-to-obtain evidence with previously unavailable evidence, understood as evidence that at the time of the challenged decision was not in existence, as opposed to in existence but difficult if not impossible to obtain.

But the Court need not resolve this issue because (1) the Court is not persuaded that trial counsel's habeas testimony brings Petitioner any closer to establishing that but for counsel's failure to object to the culpability-phase admission of gruesome photographs set forth in ground four, there is a reasonable probability that the result of Petitioner's trial would have been otherwise; and (2) as to the Devillers-testimony component of ground one, nothing about the "new" evidence proffered by Petitioner enables the Court to review a cause-and-prejudice argument that Petitioner did not present to the state court. With respect to the former, the Court and the Magistrate Judge have several times concluded that in view of the fact that the trial court reviewed all of the challenged photographs and removed those it deemed too gruesome or repetitive to admit, it is implausible that additional or more ardent objections by defense counsel would have persuaded the trial court to rule otherwise. Nothing in the "new" evidence proffered by Petitioner changes that conclusion.

As for the DeVillers-testimony component of ground one, it bears reminding that the

7

Court concluded after considerable discussion that this claim was waived as not fairly presented, insofar as Petitioner presented it *only* as an instance of trial counsel ineffectiveness and *not* as an instance of prosecutorial misconduct. (ECF No. 34, at Page ID # 407-408; ECF No. 46, at Page ID # 485-486; ECF No. 56, at Page ID # 539-541.) The Court further concluded that the only cause-and-prejudice argument that could logically be offered to excuse this default was ineffective assistance of appellate counsel. (ECF No. 34, at Page ID # 409.) But the Court also found that Petitioner never raised that claim of appellate counsel ineffectiveness in the state courts, which precludes the Court from considering it as "cause" under *any* standard of review (ECF No. 34, at Page ID # 409). *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). The new evidence proffered by Petitioner establishes that appellate counsel were aware that the DeVillers-testimony issue could have been raised as an instance of prosecutorial misconduct or trial counsel ineffectiveness, and that appellate counsel opted for the second. (ECF No. 151, at Page ID # 7924 (citing ECF No. 98, at Page ID # 6709-6712).) Nothing about that evidence is so substantive as to warrant reopening to consider a "cause-and-prejudice" claim that Petitioner never presented to the state courts. To the extent that Petitioner proffers "new" evidence in an effort to establish ineffective assistance of *trial* counsel for failing to object to DeVillers's testimony, that is not a "cause-and-prejudice" argument that can logically be offered to excuse a default that occurred on direct appeal.

This matter has been considered (ECF No. 34), reconsidered (ECF No. 46), and re-reconsidered (ECF No. 56). Petitioner's second objection is **OVERRULED**.

> **Third Objection:** The Magistrate Judge objectionably declined to authorize further discovery and to acknowledge the structural necessity of review of ineffective assistance of post-conviction counsel in Ohio.

As to his seventh ground for relief, Petitioner challenges the Magistrate Judge's refusal to authorize further discovery on the issue of cause-and-prejudice. (ECF No. 164, at Page ID # 8209-8212.) Petitioner also challenges the Magistrate Judge's decision not to review whether the failure of the attorneys who represented Petitioner in his application to reopen his direct appeal to raise the instance of appellate counsel ineffectiveness Petitioner wants to offer as "cause" can pave the way for review of that appellate counsel ineffectiveness claim. (*Id.* at Page ID # 8212-8217.)

In ground seven, Petitioner argued that the jury instructions and verdict forms improperly required the jury to unanimously reject a death sentence before considering any of the life-sentence options. This Court concluded that Petitioner waived his claim by failing to fairly present it, and that the only cause-and-prejudice argument Petitioner could logically offer—ineffective assistance of appellate counsel—could not be considered by this Court because of Petitioner's failure to present that claim to the state courts. (ECF No. 34, at Page ID # 412-417.)

When Petitioner filed his first motion for reconsideration of procedural default, he did not seek reconsideration of the Court's decision as to ground seven. (ECF No. 37.) The Magistrate Judge noted as much in his August 6, 2010 Report and Recommendations. (ECF No. 46, at Page ID # 488-489.) When Petitioner filed Objections to the Report and Recommendations, Petitioner did not challenge the Magistrate Judge's observation that Petitioner had not sought reconsideration of ground seven. (ECF No. 51.) The Magistrate Judge made note of that omission in his October 18, 2010 Supplemental Report and Recommendations. (ECF No. 52, at Page ID # 512.) Petitioner sought and obtained certain discovery in 2012, specifically leave to depose his trial counsel, mitigation specialist, defense mental health expert, and appellate

counsel. (ECF No. 82, at Page ID # 5662-5664.) Petitioner filed a Notice of completion of discovery on October 31, 2013. (ECF No. 89.)

It was not until the Magistrate Judge's July 27, 2015 decision addressing Petitioner's motion to amend his petition (ECF No. 125)—following the filing and consideration of a second motion for discovery, motion for an evidentiary hearing, motion to expand the record, and motion for stay and abeyance—that the procedural default of ground seven was mentioned again. After denying Petitioner's motion to amend his seventh ground for relief on the basis that the allegations Petitioner wished to add were "new" and therefore did not relate back to the originally pled claim, the Magistrate Judge reminded Petitioner that ground seven was procedurally defaulted and that Petitioner was welcome to include in a motion for reconsideration any arguments Petitioner wished the Court to consider in that regard. (ECF No. 146, at Page ID # 7853.)

In recommending denial of Petitioner's motion for reconsideration as to ground seven, the Magistrate Judge noted that Petitioner had offered no new evidence on the cause-and-prejudice issue and that Petitioner's defense that it was not inquired into during the depositions of appellate counsel rang hollow, in view of the fact that Petitioner's counsel *did* depose Petitioner's former attorneys about other dismissed claims. (ECF No. 162, at Page ID # 8177-8178.) The Court agrees.

Review of the appellate counsel's depositions reveals that Petitioner's habeas attorneys inquired about matters that appellate counsel did not raise—including issues already dismissed as procedurally defaulted. For example, Petitioner's counsel asked appellate counsel W. Joseph Edwards about appellate counsel's omission of a claim challenging trial counsel's failure to

10

object to the testimony of former prosecutor DeVillers, which issue Respondent's counsel remarked had been determined to be procedurally defaulted. (ECF No. 98, at Page ID # 6707-6715.) In view of the foregoing, Petitioner will not be heard to argue that his inquiring into the omission of a claim challenging the alleged unanimity-first jury instructions because it had been dismissed would have been improper.

Beyond the foregoing, it is difficult to fault the Magistrate Judge for not authorizing additional discovery, when the portion of Petitioner's Motion for Reconsideration requesting additional discovery as to ground seven (ECF No. 151, at Page ID # 7927-7928) is devoid of any discernable attempt to satisfy the "good cause" requirement for conducting discovery set forth in habeas corpus Rule 6. To this point, the Court is not persuaded that testimony cited by Petitioner suggesting "that appellate counsel were unclear on the concept and consequences of procedural default" satisfies Rule 6's "good cause" standard, much less justify reconsideration of this issue.

As for Petitioner's objection that the decisions of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), extend to permit ineffective assistance of counsel in an application for reopening to constitute cause-and-prejudice for the default of ineffective assistance of trial counsel claims (ECF No. 164, at Page ID # 8212-8217), the Court need not resolve that issue, in view of the Court's agreement that additional discovery is not warranted, but finds unpersuasive Petitioner's arguments that that is presently the state of the law in the Sixth Circuit.

The Court **AGREES with and ADOPTS** the Magistrate Judge's Report and Recommendations (ECF No. 162, at Page ID # 8177-8178). Petitioner's third objection (ECF No. 164, at Page ID # 8210-8217) is **OVERRULED**.

**Fourth Objection:** The Magistrate Judge's finding that Petitioner was never denied counsel altogether is contradicted by the allegations of the Amended Petition [ECF No. 160, ¶¶ 421A-421L] and by the record of discovery in the instant case.

Petitioner asserts that in the initial discussion of the law to be applied to cause-and-prejudice arguments, the Magistrate Judge noted that a case cited by Petitioner, *Fischetti v. Johnson*, 384 F.3d 140 (3rd Cir. 2004), was distinguishable because it involved a complete denial of counsel, which did not happen at any time during Petitioner's case. (ECF No. 164, at Page ID # 8217.) Petitioner insists that, as set forth in his Amended Petition and established in discovery, he was unrepresented in connection with the fact that "significant portions of the jury instructions were not read to the jury." (*Id.*) Petitioner explains that when the prosecution took steps to correct the matter with a motion to correct the record, the prosecution failed to serve appellate counsel and, as a result, no response or appearance was made on Petitioner' behalf. (*Id.*) Although recognizing that the Magistrate Judge's finding "appear[ed] to be dicta," Petitioner nonetheless objects to the Magistrate Judge's finding that Petitioner was never without counsel during a critical stage of the proceedings against him. (*Id.* at Page ID # 8216-8217.)

Petitioner does not assert, and it does not otherwise appear to the Court, that it was any finding by the Magistrate Judge in this regard that resulted in the Magistrate Judge's adverse ruling against Petitioner. Petitioner's objection is **OVERRULED** as immaterial to the resolution of the motion for reconsideration of procedural default.

**Fifth Objection:** The Magistrate Judge objectionably relied upon Judge Watson's review of an incomplete record to make a finding that Petitioner was not prejudiced.

Petitioner faults the Magistrate Judge for relying on an alternative rationale Judge Watson provided for dismissing ground eight (A). According to Petitioner, that alternative rationale—

12

namely that Petitioner was not prejudiced by appellate counsel's omission of the jury-selection ineffectiveness claim set forth in ground eight (A)—was based on an incomplete record. (ECF No. 164, at Page ID # 8219.) In finding that appellate counsel ineffectiveness did not excuse the default of ground eight (A), Petitioner continues, Judge Watson noted that he lacked "critical evidence" (ECF No. 164, at Page ID # 8219), such as the fact that appellate counsel had never testified in a collateral proceeding about their strategy and whether they met with Petitioner to discuss which issues to raise on appeal. Petitioner asserts that that evidence is now available, and establishes that Petitioner was prejudiced by appellate counsel's omissions. The Court disagrees.

> As set forth by Petitioner, appellate counsel's habeas corpus testimony:
>
> Shows, among other things, that appellate counsel met with Petitioner only once; did not provide him with a transcript so that he could participate in the appeal or respond to his written requests; felt that only one copy of [the] transcript of voir dire was needed (thus both of them did not review voir dire); did not contact [P]etitioner's post-conviction counsel to ensure that all issues were preserved; did not file a reply to the State's brief; did not oppose motions filed by the State in the trial court and the Ohio Supreme Court.

(ECF No. 164, at Page ID # 8219 (citing ECF No. 151, at Page ID # 7929-7931).) Whatever light this evidence sheds on the actions appellate counsel took or did not take and why, this evidence does not establish that but for appellate counsel's omission, there is a reasonable likelihood that the result of Petitioner's appeal would have been otherwise. This evidence does not establish that Petitioner was prejudiced by appellate counsel's omission.

And the habeas testimony by trial counsel to which Petitioner points, concerning trial counsel's failure to prevent prospective jurors from learning about Petitioner's prior criminal acts, does not change that conclusion. (ECF No. 164, at Page ID # 8220.) Non-record

information such as this is evidence that appellate counsel would not have had the benefit of or ability to introduce on direct appeal. Even Petitioner, in his Amended Petition, argues that these particular allegations about trial counsel's failure to prevent prospective jurors from learning of Petitioner's criminal history should have been raised in postconviction (ECF No. 160, at Page ID # 8072). That undermines any argument herein that off-the-record evidence obtained during habeas corpus concerning these particular voir dire allegations informs review of appellate counsel's failure to raise them on direct appeal.

Nothing about the now-available evidence developed in habeas corpus discovery and offered by Petitioner herein warrants changing the original decision dismissing ground eight (A). The Court **OVRRULES** Petitioner's fifth Objection, and **AGREES with and ADOPTS** the Magistrate Judge's Report and Recommendation urging denial (ECF No. 162, at Page ID # 8180).

### Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendations (ECF No. 162) as specifically set forth above, and **OVERRULES** Petitioner's Objections (ECF No. 164).

**IT IS SO ORDERED.**

9-30-2016
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE