# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JONATHON D. MONROE,

    Petitioner,

-vs-

WARDEN, Ohio State Penitentiary,

    Respondent.

:

:

:

:

Case No. 2:07-cv-258

Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S SECOND MOTION TO STAY AND HOLD CASE IN ABEYANCE

This capital habeas corpus case is before the Court on Petitioner's Second Motion to Stay and Hold Case in Abeyance (ECF No. 167). The Warden opposes the stay (ECF No. 168) and Petitioner has filed a Reply in support (ECF No. 169). At the Court's request (ECF No. 170), both parties filed supplemental memoranda (ECF Nos. 171, 172).

A motion to stay is a non-dispositive pretrial matter within the initial decisional authority of an assigned Magistrate Judge, subject to appeal to the assigned District Judge. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Petitioner seeks a stay so that he can present to the Ohio courts "new evidence and new claims which were only uncovered during discovery in this habeas case." (Motion, ECF No. 167, PageID 8241.)

The claims Petitioner seeks to exhaust were first set forth in his Reply as follows:

> Petitioner will proceed under Ground 1 under a claim of prosecutorial misconduct based on the facts and evidence

1

contained in paragraphs 100-A through 100-O of the First Amended Petition.

Petitioner will proceed under Ground 8(A) under a claim of ineffective assistance of trial counsel based on the facts and evidence contained in paragraphs 181-A through 181-O.

Petitioner will proceed under Ground 8(B) under claims of ineffective assistance of trial counsel based on the facts and evidence contained in paragraphs 194-A through 194-GG, 195-HH, 200-A, 204-A through 204-C, 205-A, 207-A, 234-A through 234-T.

Petitioner will proceed under Ground 9(A) under a claim of ineffective assistance of trial counsel at the penalty phase based on the facts and evidence contained in paragraphs 253-A through 253-L.

Petitioner will proceed under Ground 9(B) under a claim of ineffective assistance of trial counsel at the penalty phase based on the facts and evidence contained in paragraphs 263-A through 263-P. Petitioner will proceed under Ground 9(E) under a claim of ineffective assistance of trial counsel at the mitigation phase based on the facts and evidence contained in paragraphs 344-A through 344-C.

Petitioner will proceed under Ground 9(F) under a claim of ineffective assistance of trial counsel at the mitigation phase based on the facts and evidence contained in paragraph 355(A).

Petitioner will proceed under Ground 10 under a claim of ineffective assistance of appellate counsel based on the facts and evidence contained in paragraphs 383-A through 383-K.

Petitioner will proceed under Ground 10 under a claim of ineffective assistance of appellate counsel based on the facts and evidence contained in paragraphs 386-A through 386-G.

> Petitioner will proceed under Ground 10 under a claim of ineffective assistance of appellate counsel based on the facts and evidence contained in paragraph 414-A.
>
> Petitioner will proceed under Ground 10 under a claim of ineffective assistance of appellate counsel based on the facts and evidence contained in paragraph 418-A.
>
> Petitioner will proceed under Ground 10 under a claim of ineffective assistance of trial counsel based on the facts and evidence contained in paragraphs 420-A.
>
> Petitioner will proceed under Ground 10 under a claim of ineffective assistance of trial counsel based on the facts and evidence contained in paragraphs 421-A through 421-L.

(ECF No. 169, PageID 8275-76.) Later, in his Response to Respondent's Supplemental Brief, he asserted "[t]he amendments to claims 1, 8(B), and 9 are unexhausted." (ECF No. 172, PageID 8308). However, at the same place, he "acknowledges that the amendments to claim 10 of the Amended Petition are exhausted." *Id.* The Magistrate Judge takes this as a withdrawal of any request for stay to permit further presentation of Ground 10 to the Ohio courts and will not discuss Ground 10 further.

On March 23, 2016, District Judge Sargus allowed amendment to the Petition with respects to the following proposed additions:

> Additions allowed by the Magistrate Judge without objection by the Warden:
>
> > Paragraph 100-A to ground one; paragraphs 194-A to 194-HH to subpart B of ground eight; paragraph 200-A to sub-part B of ground eight; paragraphs 204-A through 204-C to sub-part B of ground eight; paragraph 205-A to sub-part B of ground eight; paragraph 207-A to sub-part B of ground eight; paragraphs 263-A through 263-P to sub-part B of ground nine; paragraphs 344-A through 344-B to sub-part E of ground nine; paragraph 355-A to sub-part F of ground nine; paragraphs 386-C through 386-G to

ground ten; paragraph 414-A to ground ten; paragraph 418-A to ground ten; and paragraph 420-A to ground ten.

(Opinion and Order, ECF No. 158, PageID 8011.)

Additions allowed by Judge Sargus by sustaining Petitioner's Objections to the Magistrate Judge's Order to the contrary:

> [P]aragraphs 100-B through 100-0 [ground one]; paragraphs 181-A through 181-0 [ground 8(A)]; paragraphs 234-A through 234-T [ground 8(B)]; paragraphs 253-A through 253-L [ground nine]; paragraph 344-C [ground nine]; paragraphs 383-A through 383-K [ground ten]; paragraphs 386-A through 386-B [ground ten]; paragraphs 421-A through 421-K; and paragraph 421-L [ground ten].

*Id.* at PageID 8018.

On September 30, 2016, Chief Judge Sargus adopted, over Petitioner's Objections, the Magistrate Judge's recommendation not to amend Judge Watson's decision on procedural default as it relates to Grounds for Relief One, Four, Six, Seven, and Eight (A)(Opinion and Order, ECF No. 166). As a result, those Grounds for Relief remain dismissed as procedurally defaulted, although the dismissal is not yet embodied in a judgment.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. §

4

> 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.

This Court has already determined that Monroe was diligent in attempting to discover the facts that underlie his amendments to the Petition. The relevant amendments are grounded in the discovery permitted by this Court which Petitioner was not able to pursue in post-conviction in the Ohio courts. Similarly, the Court concluded the amendments were potentially meritorious when it allowed amendment at all; otherwise, it would have denied the amendments as futile.

Petitioner suggests that his available remedies are a successive petition for post-conviction relief under Ohio Revised Code § 2953.23 and/or a motion for leave to file a delayed motion for new trial under Ohio R. Crim. P. 33. Whether or not the Ohio courts will entertain such proceedings is for them to decide in the first instance, rather than for this Court to speculate.

Because of the Supreme Court's stringent limitation on evidentiary hearings in habeas corpus adopted in *Cullen v. Pinholster,* 563 U.S. 170 (2011), Petitioner is unable to present the results of his habeas discovery directly to this Court, but must present or attempt to present them to the state courts first. *Pinholster* thus has the unintended consequence of further delaying the finality of habeas proceedings by allowing a return trip to the state courts. This Court's

experience with stays pending state court action is that the Ohio courts, at least in the busy urban counties from which capital convictions mostly come, is that the delays are lengthy. Still, it is presumably the State's interest in carrying out sentences expeditiously that Congress was attempting to protect in the AEDPA; there is no separate federal interest in speedier executions. It is also in the State's interest to have the state courts pass on federal constitutional claims in the first instance. It is precisely this sort of comity between this and the state courts that is protected by the stay process allowed under *Rhines*. It is incumbent on the State of Ohio to provide its Common Pleas Courts with sufficient resources to enable them to adjudicate these death penalty claims.

Claims which this Court has determined are not meritorious because they are barred by procedural default are not appropriate bases for a stay. Because the Court has found Grounds for Relief One and Eight(A) barred by procedural default, the Motion to Stay is DENIED as to those two Grounds.

Grounds Eight(B), Nine(A), Nine(B), and Nine(F) meet the *Rhines* standard. Therefore the Motion to Stay is GRANTED as to those four claims on condition they are presented to the Franklin County Common Pleas Court by successive petition for post-conviction relief and/or motion for leave to file a delayed motion for new trial not later than October 1, 2017. Petitioner shall file with this Court copies of any applications made to the Franklin County Common Pleas Court and the parties shall file a joint status report on the state court litigation not later than November 1, 2017, and every sixty days thereafter.

August 17, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge