# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JONATHON MONROE,**

        **Petitioner,**        :

   v.                                 **Case No. 2:07-cv-258**
                                          **Judge Sarah D. Morrison**
                                          **Magistrate Judge Michael R. Merz**

**WARDEN, OHIO STATE**
**PENITENTIARY,**               :

        **Respondent.**

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court[1] a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on the following documents:

- ECF No. 167 – Petitioner's Second Motion to Stay Proceedings and Hold Case in Abeyance;

- ECF No. 168 – Respondent's Response in Opposition;

- ECF No. 169 – Petitioner's Reply in Support;

- ECF No. 177 – Decision and Order Granting in Part and Denying in Part Petitioner's Second Motion to Stay and Hold Case in Abeyance;

- ECF No. 180 – Respondent's Objections;

- ECF No. 182 – Petitioner's Response;

---

[1] The instant case was reassigned from the Honorable Michael H. Watson to the Honorable Edmund A. Sargus, Jr., upon Judge Watson's September 17, 2012, order of recusal (ECF No. 80), and from Judge Sargus to the undersigned on June 20, 2019 (ECF No. 199). Additionally, this case was reassigned from Magistrate Judge Terence P. Kemp to Magistrate Judge Michael R. Merz on May 19, 2010 (ECF No. 41).

- ECF No. 183 – Supplemental Memorandum Opinion on Petitioner's Second Motion to Stay and Hold Case in Abeyance;

- ECF No. 184 – Respondent's Objections; and

- ECF No. 185 – Petitioner's Response.

## I. BACKGROUND

The procedural history concerning factual development in this case is protracted and complex. It is sufficient for purposes of addressing Respondent's objections to note that, following a decision allowing Petitioner to conduct certain discovery (ECF No. 82), as well as additional motion practice concerning Petitioner's requests for supplemental discovery, to expand the record, and for an evidentiary hearing, Petitioner was partially granted leave to amend his habeas petition to add new claims and/or supplement existing claims on the basis of information he learned during discovery (ECF Nos. 146, 158, 159, and 160). Petitioner then asked the Court to stay these proceedings and hold the case in abeyance so that he could return to the state courts "to exhaust new evidence and new claims which were only uncovered during discovery in this habeas case." (ECF No. 167, at PageID 8241.)

In the August 17, 2017 Decision and Order (ECF No. 177), and September 18, 2017 Supplemental Memorandum Opinion (ECF No. 183), the Magistrate Judge granted in part and denied in part Petitioner's motion to stay. Specifically, the Magistrate Judge concluded that Petitioner had satisfied the standard for stay-and-abeyance as to amended claims: 8(B), in which Petitioner alleges ineffective assistance of counsel for the failure to present an alibi defense and the trial court's

commission of plain error in accepting counsel's decision; 9(A), asserting penalty-phase ineffective assistance of counsel for the failure to thoroughly investigate Petitioner's background and mental health history; 9(B), alleging penalty-phase ineffective assistance in connection with Petitioner's un-counseled and thus involuntary decision to waive the presentation of mitigation testimony; and 9(F), in which Petitioner alleges penalty-phase ineffective assistance for the failure to hire a cultural or other mental health expert to explain the effects of being transplanted from West Virginia to Columbus, Ohio's crime-and-drug culture.  Respondent filed objections to both decisions.  (ECF Nos. 180 and 184.)  In the meantime, Petitioner filed a successor postconviction action in the state courts (ECF No. 188), and the parties have filed regular joint status reports about the progress of the postconviction action—the most recent of which indicates that, as of August 19, 2020, the postconviction action remains pending in the Franklin County Court of Common Pleas (ECF No. 203).

It appears that between the filing of Respondent's objections and the reassignment of this case, Respondent's objections went unaddressed.  The Court addresses them now, and, for the reasons that follow, **OVERRULES** the objections and **ADOPTS** the Magistrate Judge's decisions staying this case while Petitioner _attempts_ to exhaust state court remedies.

## II. STANDARDS OF REVIEW

The standard governing stay and abeyance was set forth by the Magistrate Judge in his August 17, 2017 Decision and Order.  (ECF No. 177, at Page ID # 8397-

98.) The Court agrees with and adopts the Magistrate Judge's discussion in full, notwithstanding Respondent's suggestion that the Sixth Circuit's decision in *Carter v. Mitchell*, 829 F.3d 455, 467 (6th Cir. 2016) somehow supplants the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 180, at PageID 8412-13; ECF No. 184, at PageID 8439.) *Rhines* established a three-part test for determining whether stay and abeyance is warranted as to a mixed habeas petition containing both exhausted and unexhausted claims. Although, as the Court will discuss further below, *Carter* is relevant, it is *Rhines* that governs motions to stay vis-à-vis mixed petitions.

The standard governing a district court's review of a Magistrate Judge's decisions on non-dispositive motions was also set forth by the Magistrate Judge in his August 17, 2017 Decision and Order. (ECF No. 177 at Page ID # 8392.) This Court will review the Magistrate Judge's August 17, 2017 Decision and Order (ECF No. 177) and September 18, 2017 Supplemental Memorandum Opinion (ECF No. 183) under the "clearly erroneous or contrary to law" standard.

### III.  DISCUSSION

As to any constitutional claim that the state courts adjudicated on the merits, habeas corpus relief is not warranted unless the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court held that when determining whether a state court decision contravened or unreasonably applied federal law as

4

set forth in § 2254(d), a federal court is limited to the record that the state court had before it when it adjudicated the petitioner's claims. As the Magistrate Judge correctly observed, "[b]ecause of the Supreme Court's stringent limitation on evidentiary hearings in habeas corpus adopted in *Cullen v. Pinholster*, 563 U.S. 170 (2011), Petitioner is unable to present the results of his habeas discovery directly, but must present or attempt to present them to the state courts first." (ECF No. 177, at PageID 8399.)

In the wake of *Pinholster*, courts within this district have struggled with how to handle evidence uncovered for the first time during habeas discovery. To the extent that many have opted to utilize *Rhines*'s stay-and-abeyance procedure, this Court views that approach not so much as an end-run around *Pinholster*, as Respondent asserts, but just as likely an earnest attempt to heed *Pinholster* by affording the state courts the first opportunity to address the bolstered claims and new evidence. Under the appropriate circumstances, it appears that a return to the state courts not only honors the principles of comity by giving state courts the first opportunity to address bolstered claims and new evidence; but also offers the best chance, though by no means a guarantee, for a federal court to be able to consider the new evidence supporting the bolstered claims.

The Court also recognizes, however, that return trips to state court cannot go on in perpetuity, or finality, in which states have a valid interest, will never be achieved. Where, as here, the Court is faced with a mixed petition and Respondent does not waive exhaustion, no hard and fast rule for or against stay-and-abeyance

5

seems appropriate. Rather, courts must strive to achieve a balance. Where to strike that balance is a work-in-progress, is inarguably dependent on the facts of each case, and need not be resolved at this time. The only question before the Court today is whether the Magistrate Judge's decision to stay these proceedings to allow Petitioner's first return-trip to the state courts was clearly erroneous or contrary to law. It was not.

Of course, none of this grappling would be necessary if Ohio courts were not so consistently averse to allowing factual development during initial postconviction proceedings. That is a treatise for another day, albeit, a clarion call that largely has fallen on deaf ears, both in the Ohio courts and the Sixth Circuit. *See, e.g., Coleman v. Mitchell*, 268 F.3d 417, 427-28 (6th Cir. 2001) (reaffirming that Ohio's postconviction process is an adequate state remedy despite allegations that Ohio courts routinely deny requests for factual development) (discussing *Keenor v. Ridenour*, 594 F.2d 581 (6th Cir. 1979); *Riggins v. McMackin*, 935 F.2d 790 (6th Cir. 1991); *Rust v. Zent*, 17 F.3d 155 (6th Cir. 1994)). So while this Court is aware that some courts invoke *Pinholster* to deny discovery requests—*see, e.g. Davis v. Bobby*, Case No. 2:10-cv-107, 2017 WL 2544083, at *2-5 (S.D. Ohio June 13, 2017) (collecting cases), *aff'd*, Case No. 2:10-cv-107, ECF No. 139—this Court is not prepared to embrace wholesale Respondent's position that discovery should <u>never</u> be granted on any claim that the state courts adjudicated on the merits. (ECF No. 184, at PageID 8439.) And, having allowed discovery here, the best chance for this Court to be able to consider Petitioner's bolstered claims and new evidence, not to mention

6

the best way for honoring the principles of comity and federalism that form the bedrock of the shared role that state and federal courts play in safeguarding constitutional rights, is to give the state courts a chance—the *first* chance—to address these bolstered claims and new evidence.

In *Carter v. Mitchell*, 829 F.3d at 465–76, the Sixth Circuit found no abuse of discretion in the district court's denial of a stay where what the petitioner sought to exhaust in the state courts was not new *claims*, just new *evidence*. In partially allowing Petitioner's motion to amend his petition, the Magistrate Judge characterized Petitioner's new allegations as "claims," with which the Court tacitly agreed out of an abundance of caution (ECF No. 158, at PageID 8017). As for Respondent's contention that Petitioner, like Carter, presents only new evidence, not new claims, the Magistrate Judge, in his decision partially allowing amendment, explicitly distinguished between the addition of new *facts* learned during habeas discovery that create "new" claims, and new *evidence* learned during habeas discovery that may create "new" claims. (ECF No. 146, at PageID 7860.) Strictly speaking, *Pinholster* and *Carter* speak to the latter, not the former. Moreover, because it is not possible to know at this stage how the state courts will handle the bolstered claims that Petitioner is attempting to exhaust, nothing about this decision should be construed as a guarantee that the Court ultimately will be able to consider new evidence discovered for the first time during these habeas proceedings. That will depend on how the state courts resolve Petitioner's successive postconviction action. *See Dunlap v. Paskett*, Case No. 1:99-cv-559, 2019

WL 1274862 (S.D. Ohio Mar. 20, 2019) (denying leave to amend claims that were "new" only in the sense that they were bolstered by new evidence and that the state courts did not consider due to the petitioner's failure to satisfy the § 2953.23(A)(1) jurisdictional requirements for filing a successive postconviction petition); *but see Bies v. Sheldon*, 775 F.3d 386 (6th Cir. 2014) (affirming district court's decision granting relief on a newly discovered *Brady* claim even after the state courts determined under Ohio Revised Code § 2953.23(A)(1) that they did not have subject matter jurisdiction to consider the claim). And because the decision of whether to issue a stay must be made on a case-by-case basis, nothing about this decision should be construed as a guarantee of how the Court will handle requests to stay in the future. That will depend on the nature of the proposed claims.

For the foregoing reasons, the Court finds no clear error or contravention of law in the Magistrate Judge's characterization of Petitioner's proposed amendments as "claims." The Court **OVERRULES** Respondent's objection that because Petitioner presents merely new evidence, as opposed to new claims, the decision to stay these proceedings was clearly erroneous or contrary to law.

The foregoing brings the Court to Respondent's second objection—namely, that the Magistrate Judge clearly erred in staying these proceedings when Petitioner has no state court remedies available to him. The Magistrate Judge concluded that Petitioner could attempt to present his bolstered claims to the state courts in a successive postconviction action and/or a delayed motion for a new trial. (ECF No. 177, at PageID 8398; ECF No. 183, at PageID 8430–31.) Respondent

8

argues that because Petitioner will not be able to satisfy the standards for filing a successive postconviction action or a motion for a new trial, those are not "available remedies," rendering Petitioner's amended claims exhausted but procedurally defaulted. (ECF No. 180, at PageID 8407–10; ECF No. 184, at PageID 8441–44.) This Court does not disagree with the Magistrate Judge's conclusion, much less find it clearly erroneous or contrary to law. The fact that Ohio courts largely have been unwilling to reach the merits of new or bolstered claims discovered during federal habeas proceedings does not establish definitively that the state courts in Petitioner's case will do the same. *See Banks v. Jackson*, 149 F. App'x 414, 418–19 (6th Cir. 2005) ("On the other hand, a federal habeas court must exercise caution when deciding, without the benefit of the state's view, whether a state procedural rule would bar in state court a claim that the habeas petitioner is pressing for the first time in federal court. Therefore, unless it is clear that the state court would not consider the merits of a petitioner's unexhausted claim, the claim is not procedurally defaulted.") (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004)). *See also Cunningham v. Hudson*, 756 F.3d 477, 485 (6th Cir. 2014) (same). Stated another way, the fact that procedural hurdles may exist to a prisoner's ability to pursue state court remedies does not render those remedies nonexistent or unavailable. *See, e.g., El v. Miller*, No. 1:11-cv-2342, 2012 WL 3067365 (N.D. Ohio June 29, 2012) ("A remedy is 'available' if the petitioner has the legal right 'to raise, by any available procedure, the question presented.'"). Any attempt by a federal court to predict or assume how

9

state courts will resolve state-law questions is an affront, not a nod, to the principle of comity.  The Court **OVERRULES** this objection.

Respondent asserts in his final objection that the Magistrate Judge committed clear error and a violation of law in failing to properly assess whether the amended claims upon which Petitioner was granted a stay were potentially meritorious, as required by *Rhines*.  (ECF No. 180, at PageID 8410–11; ECF No. 184, at PageID 8444–46.)  The Magistrate Judge found that he had already determined that Petitioner's proposed claims were potentially meritorious when he determined (and the Court agreed) that the proposed amendments were warranted; otherwise, the proposed amendments would have been denied as futile.  (ECF No. 177, at PageID 8398; ECF No. 183, at PageID 8432.)  The Court agrees.

*Rhines* cautioned that a "district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are *plainly meritless*." *Rhines*, 544 U.S. at 277 (emphasis added).  Pursuant to the standards governing amendment, motions to amend should be granted if, among other things, the facts and circumstances underlying the proposed amendments form a proper subject of relief and the amendment would not be futile.  Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  When a court allows amendment, that court has necessarily determined that the proposed amendment may be a proper subject for relief and would not otherwise be futile.  The Court thus agrees that the Magistrate Judge's consideration of those factors satisfies *Rhines*'s "plainly meritless" determination.  Moreover, the Court is independently satisfied that the amended claims at issue—

10

grounds 8(B), 9(A), 9(B), and 9(F)—are not plainly meritless. The Court thus **OVERRULES** this objection.

IV. **CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Respondent's objections (ECF Nos. 180 and 184). The Court **AGREES** with and **ADOPTS** the Magistrate Judge's August 17, 2017 Decision and Order (ECF No. 177) and September 18, 2017 Supplemental Memorandum Opinion (ECF No. 183).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**